## 21724. WHITFIELD v. AMERICAN MUTUAL LIABILITY INSURANCE CO. et al.

Decided December 15, 1931. Rehearing denied January 12, 1932.

T. F. Bowden, Hewlett & Dennis, for plaintiff.

McDaniel, Neely & Marshall, Harry L. Greene, for defendants.

Luke, J. Otis Whitfield complains of an order of the superior court of Fulton county, upon an appeal from an award of compensation in his favor by the Industrial Commission of Georgia, against Fox Manufacturing Company, employer, and American Mutual Liability Insurance Company, insurer, which order is in the following language: "The court being of the opinion that the Industrial Commission has applied the incorrect test on the principal question of law involved, it is ordered and adjudged that the case be remanded to the Industrial Commission with instructions to ascertain and find as a fact, from evidence which has heretofore been presented to it or which may hereafter be adduced, the extent of the partial incapacity of Otis Whitfield, the court being of the opinion that the evidence shows and demands the finding that he is not totally disabled."

The finding to which the judgment of the superior court relates was made by Commissioner Land and affirmed by the full commission. In part, it is in the following language: "The commis-

sioner finds from the evidence in this case, medical and otherwise, that Otis Whitfield, the claimant, is unable to return to his former occupation or any other class of competitive labor, and is entitled to compensation under section 30 of the workmen's compensation act for temporary disability. The Fox Manufacturing Company, employer, and the American Mutual Liability Insurance Company, insurer, will pay Otis Whitfield, the claimant, compensation at the rate of $4.35 per week, beginning November 29, 1927, and continuing during disability, not to exceed 350 weeks from the date of the accident.

"It appears, from the evidence, that the claimant was paid compensation in accordance with the award for 66 weeks at the rate of $4.35 per week, but that he secured a position with the Western Union Telegraph Company as messenger boy, at which position he was able to earn more than he received as compensation, in fact, it was more than he was making at the time of his injury. Also shows that he continued this work for about two years. The evidence also shows that about the time the claimant commenced to work with the Western Union Telegraph Company his compensation was discontinued; and it further shows that the claimant, on account of his disability, gave up his position with the Western Union Telegraph Company on June 20, 1930, and that on account of his physical condition he is unable to secure work suitable to his impaired condition.

"The test in such cases as is here presented is not whether the claimant is able to do a selected type of work or work peculiarly suited to his impaired condition, but the true question is whether the claimant in his present condition is qualified to perform competitive labor. Measured by this standard, which I hold to be the law in such cases, I find that the claimant is totally disabled, as a result of his injury, to perform competitive labor, and should therefore be paid compensation during his disabilty period, not exceeding 350 weeks, inclusive, or until he is furnished selected work that he can perform, at which time he should be placed under section 31 of the compensation act.

"I find as a matter of fact, from the evidence, that this defendant, as a result of his accident, has a multiple disability; that is, a disability to his skull which causes dizziness. Also has a lack of function in his arm which renders his arm practically useless, and that

he is entitled to the benefits provided in section 30 of the compensation act."

Conceiving it to be our duty in this case to ascertain whether or not there is competent evidence in the record to support the finding that the claimant suffered an injury that produced total disability, and that he was incapacitated at the time of the hearing, we have examined the transcript of testimony at length. The claimant testified that his skull was fractured and his right arm paralyzed; that in stooping the brain falls against the skin in the hole in his head and causes dizziness; that his arm hurts sometimes; that he has headaches; that he is not employed; that he regards himself as unable to work; that he had employment for a time as messenger boy, but resigned without giving his employer any reason but that his head was "bothering" him; that his injuries did not improve while he worked as messenger boy; and that he had tried to find work and failed.

Dr. Bowen examined the applicant and expressed the opinion that he was incapacitated "so far as doing heavy work," and that in his opinion the paralysis of the arm and fracture of the skull, after a lapse of four years, are permanent, and may get some better and may get worse. Dr. Roberts, who examined the claimant at intervals on three different occasions, expressed the opinion that "sufficient time has elapsed for maximum improvement in this respect, and I regard the claimant totally incapacitated from these general symptoms for competitive work. He is fitted only for selected employment in which he could engage without detriment."

The foregoing is not the substance of all the testimony upon which the Industrial Commission based its findings in the case, but, in our view, it sufficiently indicates that there was enough legal evidence to support the finding that in fact the claimant "is unable to return to his former occupation or any other class of competitive labor," and that "on account of his physical condition he is unable to secure work suitable to his impaired condition." This finding brings this case within the definition of "total disability" in *Austin Bridge Co.* v. *Whitmire*, 31 *Ga. App.* 560 (121 S. E. 345).

Disagreeing as we do with the opinion of the superior court "that the evidence shows and demands the finding that he (claimant) is not totally disabled," we are not concerned with the "test in such cases," nor, indeed, with any other purely academic consideration.

Where the evidence shows that reasonable conclusions of fact have been arrived at, neither the logic of the process nor the argument in support of them need be examined. We think the superior court was clearly without authority to remand this case; and with no less certainty do we think that there should not be given in any case an instruction, such as was given in this, to make a specific finding of fact "from evidence which has heretofore been presented to it or which may hereafter be adduced." It is surely beyond the authority of any judicial tribunal to exercise an arbitrary control over the conscience of the Industrial Commission in the performance of its duties in such cases.

The judgment of the superior court must be reversed and set aside; and the findings of the Industrial Commission are affirmed.

*Judgment reversed. Broyles, C. J., concurs. Bloodworth, J., absent on account of illness.*