## 30859. WALDEN v. BARWICK.

DECIDED JUNE 1, 1945. REHEARING DENIED JUNE 14, 1945.

*Casey Thigpen, Heath & Heath,* for plaintiff in error.
*J. Roy McCracken, M. C. Barwick,* contra.

PARKER, J. M. C. Barwick sued W. G. Walden on April 24, 1944, for certain amounts set out in a written contract made May 25, 1943. The contract recites that it was "for a complete settlement between M. C. Barwick, on the one hand, and Walden and Williams (W. G. Walden and S. W. Williams) on the other," and

it was signed by the three parties thereto. Paragraph 2 recites in part that "W. G. Walden agrees that he has bought for M. C. Barwick and is now holding for him ear corn worth $120. Walden is either to deliver said corn to M. C. Barwick, as part of this contract or pay him cash for same the said sum." Paragraph 3 is as follows: "After all adjustments and discounts have been made, it is agreed that Walden owes M. C. Barwick an unpaid balance of $478.83. Said sum is set up as an account stated and Walden will give a note for this due on demand, but with the following privileges as to payment." The suit was for the $120 and the $478.83 mentioned in these paragraphs. Paragraph 5 is as follows: "Walden contends that a portion of the debt formerly charged against him by M. C. Barwick, that is, $185, was really due by W. A. Walden and should be charged to him. Walden agrees to substantiate this and assist Barwick to collect it. If, and when, it is collected (and not otherwise), Barwick will pay to Walden one half of such amount." It is not necessary or helpful to set out other provisions of the contract.

Walden demurred to Barwick's petition on the following grounds: 1. It did not set out a cause of action. 2. The contract was a joint obligation and suit would have to be brought against both Walden and Williams. 3. The petition did not specifically name Barwick or anyone else as plaintiff. This last ground was cured by an amendment to the petition, and the demurrer was overruled on the other grounds. Walden also answered admitting the execution of the contract but denying liability thereon. He alleged that the contract was signed by him under duress, but did not set out sufficient facts to show duress. He also alleged that Barwick was indebted to him in the sum of $1104.75 for the sawing of certain lumber in the months of May, August, and September, 1942, which he should be permitted to set off against the claim of the plaintiff. Barwick demurred to Walden's answer, and filed a written motion to strike it. The motion was sustained and the answer stricken. But Walden was allowed ten days in which to amend his answer and prevent the case from being in default. Within the ten days an amendment was filed and allowed, subject to demurrer, setting up in more detail the same items of alleged setoff totalling $1104.75, which were included in Walden's original answer which was stricken on motion of the plaintiff. Barwick demurred and

also filed what he called a plea of res judicata to this amendment, which plea was submitted to the court. Both the demurrer and the plea were sustained, and this amendment dismissed. The defendant Walden offered another amendment or answer, designated by him as No. 2, in which he alleged that the $185 referred to in paragraph 5 of the contract should be credited on the $478.83 set out in paragraph 3, because the plaintiff had elected to hold W. A. Walden as his debtor for said amount, and had sued him for it, and was now estopped from claiming said amount against the defendant in this case. This amendment also set up for the third time the alleged items of setoff which had been included in the original answer and in the first amendment, both of which the court had stricken. A final amendment numbered 3 was offered by the defendant setting up that there was an error of $100 because of a mutual mistake in the figures set out in paragraph 3 of the contract, that the amount should be $378.83 instead of $478.83, and praying that the writing be reformed accordingly. Both of these last two amendments were disallowed by the court on the ground that they were offered too late. The defendant Walden also filed, during the pendency of the case in the lower court, a motion to dismiss Barwick's action. It was in the nature of a general demurrer, and attacked the contract as being without consideration, and upon the same grounds included in the demurrer. This motion was overruled.

At the final trial, and after all the defensive pleadings offered by the defendant had either been stricken or disallowed, the court directed a verdict in favor of the plaintiff for the sums sued for, and a judgment against the defendant was duly entered thereon. To all of the rulings of the court on his demurrers and motion to dismiss the plaintiff's suit, and to all rulings and judgments of the court in striking or disallowing his several pleas and answers, and in directing a verdict for the plaintiff, and entering judgment thereon against the defendant, the defendant has excepted in exceptions pendente lite duly filed and preserved, and in a direct bill of exceptions to this court.

■ We find no error in the rulings of the court as complained of by the defendant. Barwick's original petition, after the amendment specifically naming himself as plaintiff was filed, was not subject to the demurrer, nor to the motion to dismiss made by

Walden. While the contract was signed by Williams, along with Walden and Barwick, the sums sued for were individual liabilities of Walden, under its express terms. The items of setoff the defendant undertook to plead in the several answers or amendments disallowed by the court, were clearly not pleadable against the contract because they were incurred several months before the writing was entered into; and the expressed purpose of the writing was to state the terms of a complete settlement between the parties. Paragraph 3 recites that Walden (not Walden and Williams) owed Barwick $478.83, "after all adjustments and discounts have been made." The trouble with the defendant's amendment No. 2, in which he claimed the $185 mentioned in paragraph 5 of the contract should be credited to him, was that it was directly contrary to the recital in the contract. The contract said: "If, and when, it is collected (and not otherwise), Barwick will pay to Walden one half of such amount." Amendment No. 3 was insufficient in that it alleged a bare conclusion and set forth no facts to support such conclusion. See *Dover* v. *Burns,* 186 *Ga.* 19 (2) (196 S. E. 785).

■ Whether the court refused to allow the last two amendments on a valid ground, that is, that they came too late, need not be decided here and now. It is sufficient to say that if the rulings were correct for any reason they will not be reversed or set aside. "It is a principle . . ancient and well settled that a correct decision of a trial court will not be reversed; regardless of the correctness or incorrectness of the reasons given therefor." *Coker* v. *Atlanta,* 186 *Ga.* 473, 475 (198 S. E. 74). "It is well settled that where the judgment of the trial court is proper and legally justified for a reason other than that assigned by him, his action will be affirmed." *Blount* v. *King,* 51 *Ga. App.* 4 (3) (179 S. E. 198). All defensive pleadings having been eliminated, there was no error in directing a verdict for the plaintiff, and in entering up a judgment thereon. Code, § 110-403; *Pierce* v. *Jones,* 36 *Ga. App.* 561 (3) (137 S. E. 296).

■ The motion to award the plaintiff ten per cent. damages, as provided by the Code, § 6-1801, is denied. The zeal of defendant's counsel for their client's cause may have outweighed their judg-

ment, but we can not say merely because of their earnestness and persistence that the case was brought to this court for delay only.

*Judgment affirmed. Sutton, P. J., and Felton, J., concur.*