32838. TRAVELERS INSURANCE COMPANY *et al. v.* WOFFORD.

WORRILL, J. 1. Findings of fact made by the director of the State Board of Workmen's Compensation or by the full board on appeal, are, within its power, and in the absence of fraud, conclusive, when supported by any competent evidence, and the superior court is without authority to set such findings aside, except upon a sufficient showing made on one of the grounds set forth in the Code, § 114-710. *South* v. *Indemnity Ins. Co. of North America,* 41 *Ga. App.* 827 (155 S. E. 48); *Employers Liab. Assurance Corp.* v. *Woodward,* 53 *Ga. App.* 778 (187 S. E. 142); *Merry Bros. Brick & Tile Co.* v. *Holmes,* 57 *Ga. App.* 281 (195 S. E. 223); *Peninsular Life Ins. Co.* v. *Brand,* 57 *Ga. App.* 526 (196 S. E. 264); *American Mutual Liab. Ins. Co.* v. *Bond,* 62 *Ga. App.* 562 (8 S. E. 2d, 715); *American Mutual Liab. Ins. Co.* v. *Harden,* 64 *Ga. App.* 593 (13 S. E. 2d, 685).

(a) The power of the superior court to set aside an award of the State

Board of Workmen's Compensation is not analogous to the power of the court to grant new trials, and an order of the court setting aside such an award should not be affirmed on the theory that it is the first grant of a new trial where the finding of the board was not demanded as a matter of law. *Maryland Casualty Co.* v. *England,* 160 *Ga.* 810, 812 (129 S. E. 75).

2. An order of the judge of the superior court setting aside an award of the full board on the ground that the board "acted without and in excess of their powers" in that the board did not consider, in rendering the award, a certain letter relating to the nature and extent of the claimant's injuries, and written to the board by a doctor who had examined the claimant, was not a legal order and was not supported by the record, where a copy of the letter was contained in the record and where the record shows that the letter was written on April 7, 1949, and that the final award by the full board on appeal was rendered on May 18, 1949, after a hearing had on May 9, 1949, and "after an exhaustive and painstaking review of the entire record." *Maryland Casualty Co.* v. *England,* supra.

3. Furthermore, newly discovered evidence is not a ground for setting aside an award *(Liberty Mutual Ins. Co.* v. *Ragan,* 191 *Ga.* 811, 14 S. E. 2d, 88), and where it appears from the record that the hearing before the director and before the full board and all proceedings pursuant thereto were completely regular, there was nothing to relieve the claimant of the burden of making out his case by sufficient competent evidence, before the final award was entered, and where there is evidence in the record supporting the findings of fact and award as made, such findings and award may not be set aside merely to enable the losing party to introduce additional evidence at another hearing.

4. The finding of the State Board of Workmen's Compensation that the claimant did not suffer an accidental injury arising out of and in the course of his employment, being conclusive, its failure to consider certain evidence in the record as to the nature and extent of the claimant's injuries, if in fact it did so fail to consider such evidence, was immaterial, and was not harmful to the claimant, since, under no legal theory, could such evidence have changed the result or effect of the board's findings as to the compensability of the claimant's injuries, and the judge of the superior court erred in setting aside the award denying compensation.

*Judgment reversed. Sutton, C. J., and Felton, J., concur.*

DECIDED APRIL 14, 1950.

*Neely, Marshall & Greene,* for plaintiffs in error.
*George W. Westmoreland,* contra.