34634. BUTLER *v.* FIDELITY & CASUALTY CO.
OF NEW YORK *et al.*

Decided July 1, 1953—Rehearing denied July 22, 1953.

622

*J. Richmond Garland, Louis M. Tatum, M. T. Hartman, III,* for plaintiff in error.

*John M. Slaton, J. Hugh Rogers,* contra.

SUTTON, C. J. There is a motion to dismiss the writ of error on the ground that the appeal is premature, as the order excepted to is not a final judgment. Code § 114-710, providing for an appeal to the superior court from an award by the board, states in part: "The findings of fact made by the directors within their power shall, in the absence of fraud, be conclusive, but upon such hearing the court shall set aside the order or decree of the directors, if it be found that—(1) The directors acted without or in excess of their powers; . . . [Four other grounds are specified in this Code section, but it is not contended that they are applicable here.] No order or decree of the Department shall be set aside by the court upon any grounds other than one or more of the grounds above stated. If not set aside upon one or more of such stated grounds, the court shall affirm the order, judgment, decree or decision of the Department so appealed from. Upon the setting aside of any such order, decree or decision of the Department, the court may recommit the controversy to the Department for further hearing or proceedings in conformity with the judgment and opinion of the court, or such court may enter the proper judgment upon the findings, as the nature of the case may demand."

Code § 114-710 makes no provision for such a judgment as the one here excepted to, but requires the court to affirm the award if not set aside upon one or more of the statutory grounds. When the court deferred judgment upon the appeal and recommitted the case to the board, it lost jurisdiction thereof and deprived the claimant of the benefit of the award in his favor. The judgment rendered on the appeal was tantamount to a judgment setting the award aside, and so was subject to direct bill of exceptions to this court. *American Mutual Liability Ins. Co.* v. *Kent,* 197

*Ga.* 733, 735 (30 S. E. 2d 599), citing *New Amsterdam Casualty Co.* v. *McFarley*, 64 *Ga. App.* 465 (13 S. E. 2d 588). The motion to dismiss the writ of error is denied.

█ The question presented for our determination is whether the full board acted in excess of its powers in refusing to take additional evidence, proposed by the motion of the defendants to be obtained from two named doctors upon further medical examination of the claimant, as to whether or not the claimant's condition could be cured or relieved by surgical treatment. If the board did not err in such refusal, then the superior court should not have set aside the award of the board.

"If an application for review is made to the full board within the time prescribed, all of the directors shall review the evidence, or, if deemed advisable, they will hear the parties at issue, their representatives and witnesses, and shall make an award. On a review of an award of a single director, the full board acts as a fact-finding body, and may affirm the award or may reverse it, if the evidence so authorizes. The full board may hear the parties at issue, their representatives and witnesses, if this is deemed advisable by the full board. This is what the act itself states, and this has been ruled by this court in a number of cases. The full board may remand to a single director a case which is before them for review for the purpose of taking additional testimony. But the full board is not obliged to take additional testimony, where it is not deemed advisable for them to do so. *Watkins* v. *Hartford Accident &c. Co.*, 75 *Ga. App.* 462, 465 (43 S. E. 2d 549)." *Adams* v. *Utica Mutual Insurance Co.*, 87 *Ga. App.* 386 (76 S. E. 2d 709); Code § 114-708.

The Workmen's Compensation Act provides that the board may make rules, not inconsistent with the act, for carrying out the provisions of the act (Code § 114-703); and the board's rule 25, with respect to taking additional evidence in a case on review, is as follows: "When, in the discretion of the Board, additional evidence is necessary for the completion of the record in a case on review, the Full Board will order the taking of such evidence before it. When either the employer or employee seeks to introduce new evidence at a review, application must be made for the introduction of new evidence, and it must be shown that the new evidence is of such a character as would follow the com-

mon law governing the admission of newly discovered evidence in the application for a new trial. The evidence sought to be introduced must not be evidence of cumulative or impeaching character, but must be of such a character as likely would have produced a different result had the evidence been procurable at the first hearing. It must be shown that the evidence was not known to the party who desires to introduce same at the time of the hearing before the Board, and that by reasonable diligence this new evidence could not have been secured. In other words, the law of Georgia as to the nature and character of evidence required for the granting of new trials will be applied by the State Board of Workmen's Compensation before new evidence can be introduced in a review by the Full Board."

So, under the provision of the act and the rule just quoted, the board may or may not hear or order additional evidence taken, as in its discretion may be deemed advisable, when a case is before it for review; but the exercise of its discretion in such a matter may be the subject of review by the courts in a proper case. *Southeastern Express Co.* v. *Edmondson,* 30 *Ga. App.* 697 (119 S. E. 39); *American Mutual Liability Ins. Co.* v. *Hardy,* 36 *Ga. App.* 487 (137 S. E. 113); *Moody* v. *Tillman,* 45 *Ga. App.* 84 (4) (163 S. E. 521); *Adams* v. *Utica Mutual Ins. Co.,* supra.

It appears from the record that three doctors had examined the claimant, and their testimony was before the single director when the findings and award in favor of the claimant were made by him, and this testimony was before the full board on review when it passed on the appeal. The findings and award were supported by the evidence, and it was not shown that the full board on appeal acted in excess of its powers or abused its discretion in refusing to reopen the hearing to take additional testimony on the question of whether corrective surgical treatment should be ordered for the claimant.

Of course, the superior court may set aside an award and remand the case with instruction to the board, but it can do so only upon one or more of the grounds specified in Code § 114-710. *U. S. Fidelity &c. Co.* v. *Hall,* 34 *Ga. App.* 307 (3) (129 S. E. 305). But where the findings of the board are authorized by the evidence, as they are in the present case, and the award was not erroneous for any of the reasons set out in Code § 114-710, it was

error for the superior court to remand the case for the taking of further testimony and, in effect, to set the award aside. *Whitfield v. American Mutual Liability Ins. Co.*, 44 *Ga. App.* 478 (162 S. E. 297); *White Provision Co. v. Culbreath*, 58 *Ga. App.* 628 (3) (199 S. E. 318); *Travelers Ins. Co. v. Wofford*, 81 *Ga. App.* 421 (3) (58 S. E. 2d 853); *Womack v. U. S. Fidelity &c. Co.*, 85 *Ga. App.* 564 (2b) (69 S. E. 2d 812).

*Judgment reversed. Felton and Worrill, JJ., concur.*