### 38823. ZURICH INSURANCE COMPANY *et al.* v. PANTER.

CARLISLE, Presiding Judge. The claimant in this workmen's compensation case, a man 55 years of age, working as a carpenter building concrete forms, received an accidental injury to his back consisting of a compression fracture of the twelfth thoracic vertebra. He was disabled, hospitalized, received medical treatment and was paid compensation in accordance

with the Workmen's Compensation Act from the date. of the injury (August 6, 1959). On December 28, 1959, he returned to light, selective work. . Compensation based on reduced earnings was paid from that date until the date of the hearing, pursuant to a supplemental agreement entered into between the claimant and the employer. After February 3, 1960, claimant discontinued the work and applied to the State Board of Workmen's Compensation for a hearing, contending that he was permanently and totally disabled. On the hearing he testified that he was not able to do the work offered by the employer or any work in the only 'occupation for which he was trained, that is, carpentry. The company's medical witness testified that in his opinion the claimant was 100 percent disabled from performing carpentry work which required any activity other than sitting down. There was no evidence introduced that the claimant had been offered a purely sedentary job, and, therefore, there was no evidence that he had refused to accept employment which he was physically able to perform. The evidence amply authorized the award of compensation made by the deputy director, the full board did not err in making that award its award, 'and the judge of the superior court did not err in affirming the full board. *Continental Cas. Co. v. Bennett,* 69 Ga. App. 683 (26 S. E. 2d 682); *Bussey v. Globe Indem. Co.,* 81 Ga. App. 401, 404 (1) (59 S. E. 2d 34); *Travelers Ins. Co. v. Wofford,* 81 Ga. App. 421 (1) (58 S. E. 2d 853).

*Judgment affirmed. Nichols and Eberhardt, JJ., concur.*

DECIDED MAY 4, 1961—REHEARING DENIED MAY 31, 1961.

*Woodruff, Latimer, Savell, Lane & Williams, John M. Williams,* for plaintiffs in error.

*George A. Haas,* contra.