42370. COMMONWEALTH INSURANCE COMPANY et al. v. ARNOLD.

EBERHARDT, Judge. 1. As was asserted in *Baggett Transportation Co. v. Barnes,* 108 Ga. App. 68 (132 SE2d 229), the striking down of § 15 of the Act of 1963 (Ga. L. 1963, p. 156) by that decision resulted in leaving *Code* § 114-710 providing for appeals from the Workmen's Compensation Board to the

superior courts in full force and effect. The holding in *Continental Cas. Co. v. Swift & Co.*, 222 Ga. 80 (148 SE2d 489) does not require a different conclusion. See *Fidelity & Cas. Co. of N. Y. v. Whitehead*, 114 Ga. App. 630.

2. The award made in this case was reversed by the superior court on appeal by the employee, and the reversal was affirmed by this court for the reason that it had been made upon an erroneous legal theory, with direction for remand to the board for findings and award under the correct theory (*Commonwealth Ins. Co. v. Arnold*, 112 Ga. App. 140 (144 SE2d 194)), whereupon the board proceeded to make new findings and a new award, applying the correct legal theory, reached a different result, and the employer entered an appeal. The superior court affirmed, and on the basis of a motion made by the employee before the board for a taxing of attorney's fees (which the board did not act upon or grant) awarded attorney's fees of $3,000.

(a) Questions raised on the appeal were substantial and it was not without reasonable grounds. Consequently, no award of attorney's fees was authorized under *Code Ann.* § 114-712.

(b) We have reviewed the evidence and the last award of the board, and conclude that it was authorized. However, that portion dealing with medical expenses is vague and indefinite.

In connection with the award of medical expenses it is urged that since the employee went to physicians and hospitals of his own choosing and without prior approval by the employer, the employer cannot be required to make payment of those expenses. In the ordinary circumstances this position is well taken, for the employee is not entitled to privately incurred medical expenses unless he is authorized by the board to incur them. *Owensby v. Riegel Textile Corp.*, 104 Ga. App. 800 (123 SE2d 147). The evidence here was in conflict as to whether the employee requested medical treatment of the employer before proceeding to obtain it, there being no emergency. The employee testified positively that he did discuss the matter with his supervisor, telling him that he had to have some relief from his back pains and asked that he be sent to a doctor, and asked for forms for the doctor's use, whereupon the supervisor stated that he did not know whether the insurance carrier would pay the medical expenses or not, and neither gave him the requested forms nor directed him to any physician. The employee concluded that

he must then go to a physician of his own choosing, and he did so.

The supervisor testified that the employee did not discuss his problem with him or inform him concerning his need for medical aid until the bills had been incurred, and that he knew nothing of it until that time. However, he did testify that it was the city's policy to permit an employee needing medical assistance to obtain it from a physician of his own choosing, and that he did not think objection would have been made to the doctors selected by this employee if he had informed his superiors in advance.

In this situation the director, whose findings the board adopted, was authorized to resolve the conflict in the employee's favor and include in the award medical, surgical and hospital expenses incurred, within the limitations of the Act.

The portion of the order awarding medical expenses provided: "[Employer-insurer] are further authorized and directed hereby to pay to the proper parties all necessary authorized medical expenses now owed, if any, within a reasonable time consistent with the date of receipt of notice of this award, but not in excess of the statutory amount prior to March 15, 1963."

This should have been made definite as to what expenses are to be paid and to whom. "The proper parties" and "all necessary authorized medical expenses" are vague and indefinite terms, failing to apprise the employer-insurer as to what must be paid.

We reverse the judgment solely because of the unauthorized award of attorney's fees and because of this indefinite award of medical expense, with direction that the attorney's fees awarded by the superior court be eliminated and that the matter be remanded to the board for the making of a definite and certain award of medical expenses.

*Judgment reversed. Bell, P. J., and Jordan, J., concur.*

ARGUED OCTOBER 5, 1966—DECIDED DECEMBER 19, 1966.

*Smith, Ringel, Martin & Lowe, Williston C. White,* for appellants.

*Ewing & Williams, Lee R. Williams,* for appellee.