45415.   BIBB MANUFACTURING COMPANY v. DARSEY et al.

PANNELL, Judge. Macon-Bibb County Hospital Authority doing business as The Macon Hospital submitted its bill for services for Leonard Darsey, an employee of Bibb Manufacturing Company, which bill was in excess of the schedule of fees for such services established by the Georgia Board of Workmen's Compensation. The evidence demanded a finding that the charges billed were within the limitations of *Code* § 114-502, which provides: "The pecuniary liability of the employer for medical, surgical, hospital service, or other treatment required, when ordered by the State Board of Workmen's Compensation shall be limited to such charges as prevail in the same community for similar treatment of injured persons of a like standard of living when such treatment is paid for by the injured persons. . ." The findings of fact and the award of the full board are as follows: "The itemized bill submitted by the Macon Hospital was in the amount of $11.50 [sic]. After reviewing the same this bill is regulated to comply with the fee schedule set up governing workmen's compensation as follows:

| Service | Number | Rate Charged | Total Charged | Rate Allowed | Total Allowed |
|---------|--------|--------------|---------------|--------------|---------------|
| Emergency room | | $ 5.00 | $ 5.00 | $ 5.00 | $ 5.00 |
| Drugs | | | 1.50 | | 1.50 |
| X-ray | 1 | 8.00 | 8.00 | 5.00 | 5.00 |
| | | | $14.50 | | $11.50 |

Award

Wherefore, based on the above, Bibb Manufacturing Company, employer and self-insurer, is authorized to pay to The Macon Hospital the sum of $11.50 as medical expense in this case." Upon appeal to the superior court, the award was reversed and remanded and the board was "directed to order the employer to pay the medical bills as submitted. . ." The employer entered his appeal to this court. *Held:*

The Board of Workmen's Compensation has the authority to adopt rules not inconsistent with the Act (*Code* § 114-703); however, such rules must not be legislative in character but are confined and limited to procedural and administrative matters. See *Southern Co-op. Foundry Co. v. Drummond,* 76 Ga. App. 222, 224 (45 SE2d 687). Whether the setting up of a schedule of fees for medical, surgical and hospital services is substantive or administrative, it is not necessary to decide, as the schedule of fees applied here is unauthorized under, and contrary to, the terms of the Act itself.

*Code* § 114-501 provides that the employer shall furnish certain medical, surgical and hospital benefits "as in the judgment of the board shall be reasonably required to effect a cure or give relief" not in excess of $5,000. While *Code* § 114-502, supra, sets a limitation on the amount of charges, it also establishes a standard upon which the board shall exercise its right of approval of such charges given by *Code* § 114-714.

It is apparent from the decision and award of the board that the standards provided by the Act were not applied and the judge of the superior court was correct in so holding, and the evidence demanding a finding that the charges were proper, the judge of the superior court did not err in so holding and in remanding the case to the Board of Workmen's Compensation

and directing the entering of an award accordingly. *Crawford W. Long Hospital v. Mitchell,* 100 Ga. App. 276, 278 (111 SE2d 120).

*Judgment affirmed. Jordan, P. J., and Eberhardt, J., concur.*
ARGUED JUNE 4, 1970—DECIDED SEPTEMBER 8, 1970.

*Jones, Cork, Miller & Benton, Ed. L. Benton,* for appellant.

*Martin, Snow, Grant & Napier, Hendley V. Napier, Edward J. Harrell,* for appellees.