### 47319. EMPLOYERS COMMERCIAL UNION INSURANCE COMPANY et al. v. PALMER.

EBERHARDT, Presiding Judge. In this workmen's compensation case, the employer and carrier appeal from the judgment of the superior court affirming the award of the full board in favor of claimant. *Held:*

1. The first enumeration of error is that the award was based upon a misunderstanding and misstatement of significant testimony on the part of the treating physician, in that the award stated "In the opinion of the doctor, claimant is 95% disabled," while, according to counsel for appellants, the doctor was testifying only about claimant's left knee and the disability rating was confined strictly to that knee. We find no merit in this contention, since after reading the doctor's deposition we agree with the deputy director, the full board, and the superior court that the doctor was not confining the disability rating strictly to the left knee.

2. The second enumeration is that if claimant had any injury or disability associated with the accident, it involved only the left leg and should have been compensated under *Code Ann.* § 114-406, the specific member section, rather than under § 114-404, the total incapacity section. However, there was also some evidence of injury to the

right leg and back, and the award recited, inter alia, the back injury in two instances. There is no contention that there was no evidence to support the finding of the back injury, and enumeration number 2 is without merit.

3. In enumeration number 3, it is contended that the portion of the award ordering appellants to pay the medical expenses is too vague and indefinite and does not sufficiently apprise appellants of what medical expenses must be paid. The portion of the award under attack directs appellants "to pay all reasonable and necessary medical expenses incurred not to exceed the statutory sum of $5,000.00." While open-end awards for medical expenses appear to be common in situations where claimant's condition has not stabilized, as here, yet with respect to expenses already incurred and owing the award must be definite and certain. *Commonwealth Ins. Co. v. Arnold,* 114 Ga. App. 835, 837 (152 SE2d 896). Under the authority of that case the judgment must be reversed with direction that the case be remanded to the board for the making of a definite and certain award of medical expenses already incurred.

*Judgment reversed with direction. Deen and Clark, JJ., concur.*

ARGUED JULY 7, 1972—DECIDED SEPTEMBER 6, 1972.

*Savell, Williams, Cox & Angel, John M. Williams, Elmer L. Nash,* for appellants.

*John C. Joyner,* for appellee.