## 47308.   FULTON INDUSTRIES v. KNIGHT.

BELL, Chief Judge. In a prior appearance of this case we reversed the judgment of the superior court affirming an award denying compensation in a death case on the basis of erroneous findings of fact and directed that the case be recommitted to the board for rendition of a proper finding of fact. *Knight v. Fulton Industries*, 123 Ga. App. 538 (181 SE2d 691). The board, upon remand and without hearing any new evidence, made findings of fact that the deceased died from cardiac arrest on the premises of the employer which resulted from his exertion of walking up and down a flight of stairs at least four times on the

day of death and "shortly prior thereto" and awarded the claimant widow compensation. The superior court affirmed and awarded claimant $750 attorney fees and the expenses of the appeal to the superior court. *Held:*

1. We disagree with the employer's first enumeration of error which maintains that the findings of fact are insufficient to support the board's ultimate conclusion as to compensability; that the board is required to make underlying findings of fact supporting the ultimate findings which it did not do. The findings are sufficient and supported by evidence. They show employment, that the employee suffered a heart attack while at work which resulted from exertion in climbing and descending stairs and the ultimate conclusion that he died of an accident or injury arising out of and in the course of his employment and that his widow is entitled to compensation. The argument that the board must make underlying findings with respect to the lay testimony as well as medical testimony to support its ultimate finding that death was caused by cardiac arrest is without merit. All the evidence, lay as well as medical, points to no conclusion other than death was caused by cardiac arrest.

2. The board found as a fact that deceased walked up and down a flight of stairs "shortly" prior to his death. It is contended that by the use of the term "shortly," the board misread the evidence as death occurred at 2:00 p.m., more than two and one half hours after the ascent or descent of the stairs and therefore in view of this time lapse, the event in climbing the stairs could not be logically or reasonably inferred as happening "shortly" prior to death. A death certificate included in the record does reflect the time of death as 2 p.m. The term "shortly" in point of time is a relative term and Webster has defined it as a short interval of time. Under the facts of this case we cannot say that the board erred in finding that two and one half hours is "a short interval" of time.

3. Error is alleged in that the board failed to make a finding on the question of notice as required by *Code* § 114-

303. While there is an absence of this finding, no issue as to notice was raised below. The deceased collapsed on the employer's premises and his supervisor testified that he was made aware on the very same day that "something" had happened to the deceased at the plant and that the employee had died. This evidence demands that the employer was placed on notice of an injury to the employee arising out of and in the course of employment. The employer did establish that it did not receive notice that a claim for compensation would be made until more than 30 days after the employee's death. The required notice need not be given with a view to claiming compensation. *Davison-Paxon Co. v. Ford,* 88 Ga. App. 890, 892 (78 SE2d 257). The absence of any finding on notice is not cause for reversal where the facts are undisputed that the employer was given timely notice of the injury. It is not necessary to remand a case to the board because of its failure to state findings of fact on issues where the facts in the record are undisputed. *Lee v. General Accident Group,* 112 Ga. App. 197 (c) (144 SE2d 457).

4. There is no merit in the contention that the prior decision by this court was accepted by the board as a mandate to rule in favor of the widow. The record shows that the board performed its statutory duty. The mere fact that it found in favor of the widow after reversal of an earlier award in favor of the employer does not alone indicate that it abdicated its duties to consider all the evidence and to make appropriate findings of fact.

5. The award of $750 attorney fees and the expenses of the appeal are not authorized. Questions raised on appeal had substance and the grounds of the appeal are not totally unreasonable. *Commonwealth Ins. Co. v. Arnold,* 114 Ga. App. 835 (152 SE2d 896). As to the reasonableness of the appeal it is somewhat persuasive to recall that this judgment appealed and affirmed is totally different from that one in the same case which was appealed and reversed. We will affirm the judgment below with direction to set aside so much of the judgment as

provides for an award of attorney fees and expenses.

6. The motion for damages for delay under *Code* § 6-1801 is denied.

*Judgment affirmed with direction. Stolz, J., concurs. Evans, J., concurs specially.*

ARGUED JULY 5, 1972—DECIDED OCTOBER 24, 1972—
REHEARING DENIED NOVEMBER 21, 1972.

*Smith, Cohen, Ringel, Kohler, Martin & Lowe, Williston C. White,* for appellant.

*Albert P. Feldman, Marjorie C. Thurman,* for appellee.

EVANS, Judge, concurring specially. I concur in the judgment affirming the trial court, but as to Division 5 of the majority opinion, I concur specially. This is another instance of depriving a plaintiff's attorney of attorney fees, and I believe a re-examination of this entire area of practice is in order. I favor the allowance of attorney fees in proper cases, and yet it becomes increasingly difficult to give effect to same. Perhaps the General Assembly should spell out those instances when a litigant is entitled to attorney fees in unmistakable language, so they may not be taken away from an attorney by the court, as is now the prevailing practice.