## 48029. TURNER v. BAGGETT TRANSPORTATION COMPANY.

EBERHARDT, Presiding Judge. R. C. Turner was employed by Baggett Transportation Company as a truck driver. While he was unloading materials packaged in cardboard boxes one of them fell and struck him near the outer corner of the left eye. The accident occurred on July 10, 1969. On July 16, he went to Dr. Kutner, employed by Baggett, for examination and treatment. Dr. Kutner found that vision in the left eye was very poor, though normal in the right eye. He found a condition in the eye which, in his opinion, resulted from diabetes over a period of 15 to 20 years, but testified that the blow to his head from the falling box "may have caused complicating hemorrhages," and that even a minimal injury can accelerate a condition brought on by diabetes and bring about retinal changes from which sight is impaired or lost.

Vision in the left eye was very small in September and virtually nonexistent by the end of November or early December. Dr. Kutner had referred the claimant to Dr. W. S. Hagler, a specialist in retinal disorders, and written opinions were obtained from him on some three or four occasions, directed to Dr. Kutner.

The claimant began having trouble with the right eye about the time he lost the vision of his left, but it cleared. He continued to work until the first part of January, 1970, when Baggett notified him that he was being released because his vision was such that it was no longer safe for him to work on the job. He contested the dismissal, contending that his right eye was good and that he was perfectly able to continue on the job. The matter went to arbitration under provisions of the union contract with Baggett, and the arbitrator found with claimant, requiring Baggett to keep him on the

job. However, in February he was having more difficulty with his right eye, and about mid-February he resigned.

It appears that prior to his resignation he had been on a deer hunt, during which he had climbed up about 20 feet in a tree for a deer stand, and fell out of it, breaking an ankle. Vision in the right eye deteriorated also.

About a year later he asked for a hearing on the basis of a change in condition, urging that he had lost the vision of both the right and left eyes, and that, in addition to the compensation being paid for loss of sight in the left eye, he was entitled to additional compensation for loss of it in the right eye, or for total blindness.

The single hearing director made findings that the loss of vision had not occurred from an accident, but from diabetes, and that it was not compensable. On appeal to the full board new findings were made to the contrary, and an award of compensation entered. The matter was appealed to the superior court, where, after hearing, the findings and award were set aside and the matter remanded to the board for further findings and award after consideration of the four letters written by Dr. Hagler to Dr. Kutner, which had been tendered in connection with Dr. Kutner's deposition,[1] taken after the board hearing, and objected to on the ground that they were hearsay and that the employer had no opportunity to cross examine the doctor. The deposition, with the letters from Dr. Hagler, attached,

---

[1]Dr. Hagler was of the opinion that the trouble in the right eye "is not related to his previous trauma," but was attributable to his diabetic condition—that he suffered from "end-stage proliferative diabetic retinopathy in both eyes; there is absolutely nothing that can be done to help him, in my opinion."

was filed with the board for consideration in making findings and award, but no ruling on whether the letters of Dr. Hagler were to be admitted or considered appears, nor can it be determined from the findings and award of the single director or of the full board whether they were considered.

The superior court set aside the findings and award and remanded the matter to the board for further consideration, specifically with reference to the "exhibits to the deposition of Dr. Kutner." Claimant appeals. *Held:*

1. When the superior court set aside the findings and award and remanded the matter to the board for further findings and award, it lost jurisdiction, and its order was final and appealable. *American Mut. Liab. Ins. Co. v. Kent,* 197 Ga. 733 (30 SE2d 599); *General Motors Corp. v. Martin,* 119 Ga. App. 279 (1) (167 SE2d 211); *Georgia Cas. &c. Co. v. Bloodworth,* 120 Ga. App. 313 (1) (170 SE2d 433). Cf. *Martin v. General Motors Corp.,* 224 Ga. 677 (164 SE2d 107). In this posture a certificate of appeal is not required for seeking a review of the judgment of the superior court.

2. We have made a careful review of the entire record, and conclude that the findings of the full board are supported by evidence in the record (though there is evidence which would have authorized a contrary finding, such as was made by the single hearing director), and these findings support the award as made, except as is indicated in Division 4.

The letters of Dr. Hagler were subject to the objection made, and should have been excluded. *Moore v. State,* 221 Ga. 636 (5) (146 SE2d 895); *Augusta Factory v. Barnes,* 72 Ga. 217 (6) (53 AR 838); *Tompkins v. West,* 123 Ga. App. 459 (4) (181 SE2d 549); *Zurich Ins. Co. v. Zerfass,* 106 Ga. App. 714, 719 (128 SE2d 75); *Tifton Brick & Block Co. v. Meadow,* 92 Ga. App. 328 (8) (88 SE2d 569). And see *Sabo v. Futch,* 227 Ga. 216 (179

SE2d 763); *Cook v. Clarke Chevrolet Co.,* 41 Ga. App. 389 (5) (153 SE 88); *Brooks v. Sessoms,* 47 Ga. App. 554 (2) (171 SE 222). His deposition could have been obtained.

3. Where there was legal evidence in the record supporting the findings and award made by the board, the superior court was not authorized to remand the matter for further findings or award. *Whitfield v. American Mut. Liability Ins. Co.,* 44 Ga. App. 478 (162 SE 297); *Travelers Ins. Co. v. Wofford,* 81 Ga. App. 421 (1) (58 SE2d 853); *Womack v. U. S. Fidelity &c. Co.,* 85 Ga. App. 564 (2b) (69 SE2d 812); *Butler v. Fidelity & Cas. Co.,* 88 Ga. App. 620 (2) (76 SE2d 813). The rule has special application where the remand is made for the purpose of considering evidence which is inadmissible.

Another exhibit attached to Dr. Kutner's deposition was a medical report from Dr. Kutner to the board, dated October 22, 1969. The certificate of the secretary of the board indicates that all of the exhibits to Dr. Kutner's deposition "were not received in the office of the State Board of Workmen's Compensation until May 11, 1972, being subsequent to the appeal of the employer and the forwarding of the record . . . to the superior court." How this could have come about does not appear, but taking it as being true, it would not require a remand. If an attending physician completes a medical report for filing with the board but keeps it in his office until after the award is made it could in no way affect the award, nor is there basis or reason for remanding so that the board may consider it. It would be in the nature of newly discovered evidence, and this is not a ground for which a remand by the superior court is authorized. *Hartford Acc. & Ind. Co. v. Garland,* 81 Ga. App. 667, 671 (59 SE2d 560); *Womack v. U. S. Fidelity &c. Co.,* 85 Ga. App. 564, 568 (2), supra.

Moreover, it appears that the medical report was identified by Dr. Kutner in his deposition, and that he

asserted that there had been a change made in it which was not in his handwriting, viz., where it was stated in the report "hemorrhage in right eye *unrelated* to injury requires further treatment. Injured eye still being treated." Dr. Kutner stated that the word "unrelated" was a change, made by somebody else, in that it appeared that originally the word "related" had been used, and the handwriting was clearly different from and not his. But he testified independently of the report concerning his opinion as to whether the trouble in the right eye was, or was not related to the trauma, concluding that the claimant's trouble in the right eye was "primarily related to his basic disease process, diabetes mellitus" but that diabetics are more subject to injury of the eye from trauma, even to other parts of the body, than are normal people, and that there was "a good probability that trauma may have played a role in the hemorrhage in his right eye." He was of the opinion that the injury to his ankle when he jumped or fell from a tree on a deer hunt may have adversely affected the right eye, but he would not exclude the striking of the left side of his head by the box as a causative factor. Thus the report could not assist in settling the question of whether the loss of vision in the right eye was causally related to the injury to the left eye, and there appears to be no reason for remanding the matter on this basis.

4. There is a reason for remand, however, which justified the order. The award of medical expenses provided that the "employer is further authorized and directed to pay all reasonable and necessary medical expenses incurred as a result of said accident and injury, but not to exceed the statutory sum of $5,000."

There should have been an award of the specific items of medical expense incurred up to the time of the award, if these expenses were proved and found by the board to have been necessary and reasonable for claimant's

treatment.

Code Ann. § 114-502 provides a standard to be applied by the board in awarding medical expense. The duty of approving the items of medical expense is placed squarely upon the board by Code Ann. § 114-714. It is contemplated that the board must consider all bills of doctors, hospitals, druggists, etc., make a determination as to their necessity and reasonableness, and then make an award within the statutory limit. *Commonwealth Ins. Co. v. Arnold,* 114 Ga. App. 835, 837 (152 SE2d 896); *Employers Commercial Union Ins. Co. v. Palmer,* 127 Ga. App. 54 (3) (192 SE2d 439).

If there must be further expense incurred after the award is made, bills for these expenses should be submitted to the board for making similar determination, approval and award.

An open-end award leaves the applying of standards and making determination as to necessity and reasonableness to the party who must pay. This is not in keeping with the legislative intent. Cf. *Bibb Mfg. Co. v. Darsey,* 122 Ga. App. 420 (177 SE2d 165).

It is true that the trial judge did not specify the medical award as a basis for the remand, but it has been held that the reasons assigned by the judge are not a part of the judgment, *Taylor v. Donaldson,* 227 Ga. 496, 502 (181 SE2d 340); *Jones v. Trussell,* 221 Ga. 271, 273 (144 SE2d 344), and that where the judgment of the trial court is proper and legal for any reason it will be affirmed, regardless of the reason assigned. *Walden v. Barwick,* 72 Ga. App. 545 (2) (34 SE2d 552); *McAllister v. City of East Point,* 97 Ga. App. 233 (102 SE2d 503).

*For the reason stated in Division 4 the judgment is affirmed. Pannell and Stolz, JJ., concur.*

ARGUED APRIL 9, 1973 — DECIDED APRIL 16, 1973.

*William R. Parker,* for appellant.
*Mitchell, Pate & Anderson, James W. Wimberly, Jr.,* for appellee.