48261. EMPLOYERS COMMERCIAL UNION INSURANCE COMPANY et al. v. OFFUTT.

STOLZ, Judge. 1. "The notice required by Code § 114-303 need only be that notice of an accidental injury occurring during the course of employment which will put the employer on notice to make an investigation if he sees fit to do so." *Cofield v. Liberty Mut. Ins. Co.,* 110 Ga. App. 225 (138 SE2d 115). Although there was some evidence from which it might have been found that this workmen's compensation insurance claimant had sustained previous, noncompensable injuries, the findings of fact in the deputy director's award, that the necessary notice had been given and that a compensable injury had been sustained, were authorized by evidence that the claimant had told at least one of his supervisors (his supervisor's wife, who worked as assistant commissary manager), shortly after it happened, that he had sustained an injury by falling while engaged in performing his employment duties, and by medical evidence and the claimant's testimony that he had received the injury and was disabled, which findings are therefore conclusive on this court. *Royal Indemnity Co. v. Coulter,* 213 Ga. 277, 278 (98 SE2d 899) and cits.; *Pacific Indemnity Co. v. Moorman,* 122 Ga. App. 881 (1) (179 SE2d 103) and cit.

2. In enumeration of error 3, it is contended that the portion of the award ordering the appellants to pay the medical expenses is indefinite and vague and does not sufficiently apprise the appellants as to what medical expenses are to be paid. The portion of the award under attack directs the appellants "to pay the medical expenses *that may have been incurred* and to provide medical services by Dr. William Coppedge Collins, the treating physician, in an effort to rehabilitate the claimant to the labor market, all as provided by Georgia Code Annotated 114-501." (Emphasis supplied.)

While open-end awards for medical expenses appear to be common in situations where claimant's condition has not stabilized, as here, yet with respect to expenses already incurred and owing the award must be definite and certain. *Commonwealth Ins. Co. v. Arnold,* 114 Ga. App. 835, 837 (152 SE2d 896). Under the authority of that case the judgment must be reversed with direction that the case be remanded to the board for the making of a definite and certain award of medical expenses already incurred." *Employers Commercial Union Ins. Co. v. Palmer,* 127 Ga. App. 54, 55 (3) (192 SE2d 439). See also *Turner v. Baggett Transportation Co.,* 128 Ga. App. 801 (4).

*Judgment reversed with direction. Eberhardt, P. J., and Pannell, J., concur.*

ARGUED JUNE 1, 1973 — DECIDED JUNE 20, 1973.

Savell, Williams, Cox & Angel, John M. Williams, Elmer L. Nash, for appellants.
Garland & Garland, Reuben A. Garland, Jr., for appellee.