## 48428. COGGINS GRANITE INDUSTRIES, INC. v. JONES.

STOLZ, Judge. On August 25, 1966, claimant in this workmen's compensation case suffered a work connected back injury. On September 27, 1966, claimant returned to work for the same employer at his full weekly wage. On February 3, 1967, the board received the following forms from the employer: form 15 (employer's first report of injury), form 16 (agreement as to compensation), form 18 (attending physician's report), form 20 (report and notice of final payment of compensation benefits), and form 20A (report of medical expense). On February 21, 1967, a corrected form 20 was received by the board. On May 12, 1967, the form 16 agreement (to pay compensation as a result of the injury) only was approved by the board. On May 17, 1968, claimant either quit, or was discharged from, his employment, after which he continued to work for various other employers. On February 17, 1971, claimant filed a request for a change in condition hearing. After a hearing for the purpose of determining all questions, the deputy director issued an award, finding that claimant had not undergone a change of condition, but still had symptoms resulting from the August 25, 1966, injury, and awarding a recommencement of compensation under the approved form 16, allowing credit for "weeks worked according to law," plus "all reasonable and necessary medical expense

incurred by the claimant as a result of his accident and injury, not to exceed the statutory limit." On appeal the full board adopted the award of the deputy director. The employer/self-insurer appeals from an affirmance by the superior court. *Held:*

1. The employer contends that, since the forms submitted to the board, including the form 20 (report and notice of final payment of compensation benefits), put the board on notice that claimant had already gone back to his job, the board's approval of the form 16 agreement to pay compensation with that knowledge should be construed as constituting an award only for the period during which claimant was off the job due to the injury, i. e., August 25 to September 27, 1966. We disagree.

"The sole method whereby the award may be modified or terminated is upon a review by the board upon an application on the ground of a change in condition." *Sears, Roebuck & Co. v. Wilson,* 215 Ga. 746, 751 (113 SE2d 611); *Cardin v. Riegel Textile Corp.,* 219 Ga. 695, 697 (135 SE2d 284); *St. Paul Fire &c. Ins. Co. v. Bridges,* 106 Ga. App. 621, 622 (127 SE2d 699) and cits. The fact that claimant had already returned to his job, did not operate to terminate the employer's liability for compensation payments under the approved agreement. That agreement contained the identical provision for credit for wages earned from the same or any other employer as was acknowledged in *U. S. F. & G. Co. v. Gibby,* 118 Ga. App. 758, 759 (165 SE2d 455), and the award here appealed from allowed the employer such credit. The employer here filed neither a request for a change in condition hearing nor a form 19 supplemental agreement for the discontinuation of compensation. Under Rule 25 of the board, the form 20 (final payment) which the employer filed contemporaneously with the agreement to pay compensation, "will not be accepted until all liability is terminated and all benefits paid." These conditions had not been met, since the approved agreement had not been terminated in a manner provided by law. See also: *St. Paul Fire &c. Ins. Co. v. Hughes,* 125 Ga. App. 328, 330 (187 SE2d 551).

2. Claimant's request for hearing, filed almost 4 years after the employer had submitted the form 20 (final payment), was not barred by the provisions of Code Ann. § 114-709 for the board's review of the settlement not later than "two years from the date that the board is notified that the final payment of a claim has been made pursuant to a board order." Since, as we have held hereinabove, the employer's liability for payments under the

approved agreement continued, notwithstanding the premature filing of the notice of final payment, such filing did not constitute notice of the making of final payment, which would have commenced the running of the two year limitation in § 114-709.

3. The board did not err in refusing the employer's request to make a retroactive finding, and an award based thereon, that disability terminated as of February 9, 1968, the date of approval of the 1968 amendment to Code § 114-709 (Ga. L. 1968, pp. 3, 7), since it has been held that this amendment cannot be retroactively applied. *McMullen v. Liberty Mut. Ins. Co.*, 119 Ga. App. 410 (167 SE2d 360); *Noles v. National Engine Rebuilding Co.*, 119 Ga. App. 833 (169 SE2d 185); *Security Ins. Group v. Gillespie*, 125 Ga. App. 163, 164 (186 SE2d 575).

4. The evidence authorized the finding that claimant had not undergone a change of condition since the original injury, for which he was receiving, and was entitled to continue to receive, compensation.

5. The award made the following findings of fact and conclusions of law inter alia: "I, therefore, find that compensation should continue under the approved Form 16, with credit allowed for all weeks in which claimant worked and received his regular salary, compensation not to exceed the statutory limit. The claimant is directed to submit to the employer an itemized statement of all his earnings since his accident and injury." The award itself stated in part: "Wherefore, based upon the above and foregoing findings of fact and conclusions of law, [employer/ self-insurer] is directed to recommence payments of compensation to [claimant] under the approved Form 16, credit allowed for weeks worked according to law; compensation not to exceed the statutory limit."

Although the approved compensation agreement defined the credit allowable as for those weeks in which "the claimant-employee earns a weekly wage equal to or greater than [but not *less* than] the average weekly wage stated herein, whether received from the same employer or any other employer," and although the record shows that the employer has available to it and in its possession a complete disclosure of all earnings received by claimant since his original injury; nevertheless, the award, which does not find a certain dollar value of the credit allowable, is too indefinite and uncertain to be enforced, under the authority of such cases as *Hutcheson v. Hutcheson,* 197 Ga. 603 (30 SE2d 107); *Employers Commercial Union Ins. Co. v. Palmer,*

127 Ga. App. 54, 55 (192 SE2d 439) and cit.; *Turner v. Baggett Transportation Co.,* 128 Ga. App. 801, 805 (4) (198 SE2d 412); *Employers Commercial Union Ins. Co. v. Offutt,* 129 Ga. App. 270, 271 (199 SE2d 406).

Accordingly, the judgment is reversed with direction that the case be remanded to the board for the making of a definite and certain award of credit allowable to the employer/self-insurer.

*Judgment reversed with direction. Eberhardt, P. J., and Pannell, J., concur.*

Submitted September 4, 1973 — Decided September 27, 1973— Rehearing denied October 11, 1973.

*Heard, Leverett & Adams, E. Freeman Leverett,* for appellant. *William O. Carter,* for appellee.