## 49940. LIBERTY MUTUAL INSURANCE COMPANY et al. v. MAXWELL.

EVANS, Judge.

Oscar D. Maxwell was employed as a shipping clerk, which employment required certain physical activity in obtaining the goods for packing and shipping. He suffered a heart attack while on the job, requiring hospitalization and rest for recuperation for several months. His employer gave him full pay during this period. He returned to work twenty-two days later, and he was dismissed from employment. He was not gainfully

employed after being discharged. Approximately nine months after the first heart attack on the job, he had another heart attack which caused his death.

The widow, on behalf of herself and their minor children, filed a claim for workmen's compensation. Medical testimony by a doctor was offered at the hearing to the effect that Maxwell suffered a heart attack; that this physical activity and exertion contributed to bring about his heart attack while on the job. The doctor also testified that heart attacks are caused by coronary heart disease, and that the second heart attack was brought on by the first.

The deputy director found as a matter of fact that claimant's husband was disabled from the date of his dismissal until his death; that the second heart attack was directly brought on by the first; and since exertion from physical activity on the job was a precipitating factor, claimant's death arose out of and in the course of his employment. Based on these findings of fact an award was made to the widow and minor children. The insurer and employer appealed to the superior court, and the award was affirmed. Insurer and employer appeal. *Held:*

There was expert opinion evidence that claimant's husband suffered a heart attack on the job, and exertion contributed towards its causation; and that he then had a second attack which was brought on by the first heart attack.

As there was ample evidence to support the award, it cannot be set aside on appeal. *Fulton Industries v. Knight,* 127 Ga. App. 604 (1) (194 SE2d 346); *Thomas v. U. S. Casualty Co.,* 218 Ga. 493 (128 SE2d 749); *Brown Transport v. Jenkins,* 129 Ga. App. 457 (1) (199 SE2d 910); *J. D. Jewell v. Peck,* 116 Ga. App. 405 (157 SE2d 806); *U. S. Casualty Co. v. Matthews,* 35 Ga. App. 526 (133 SE 875); *Davis v. Bibb Mfg. Co.,* 75 Ga. App. 515 (43 SE2d 780); *Commissioners of Roads &c. of Fulton County v. Dowis,* 107 Ga. App. 647 (131 SE2d 144).

*Judgment affirmed. Pannell, P. J., and Webb, J., concur.*

SUBMITTED NOVEMBER 6, 1974 — DECIDED JANUARY 7, 1975 —

REHEARING DENIED JANUARY 28, 1975.

*James T. McDonald, Jr.,* for appellants.

*Johnson & Beckham, E. Carl Prince, Jr.,* for appellee.