### 52918. BLAIR v. UNITED STATES FIDELITY & GUARANTY COMPANY.

MARSHALL, Judge.

Appellant Blair brings this appeal from the judgment of the Superior Court of Carroll County reversing and remanding the award of a majority of the Full Board of Workmen's Compensation which found a change of condition in favor of Blair and granted him additional compensation. *Held:*

1. The administrative law judge in this case found that Blair had not carried his burden to show a change of condition which was job-related or compensable. The board substituted its opinion finding that there was evidence showing a change of condition and evaluated that disability. We have made a careful review of the entire record and conclude that the findings of the board

are supported by evidence in the record (though there is evidence which would have authorized a contrary finding, such as was made by the administrative law judge), and these findings support the award as made by the board. Where there was legal evidence in the record supporting the findings and award made by the board, the superior court was not authorized to remand the matter for further findings or award. *Whitfield v. American Mut. Liab. Ins. Co.,* 44 Ga. App. 478 (162 SE 297); *Travelers Ins. Co. v. Wofford,* 81 Ga. App. 421 (1) (58 SE2d 853); *Womack v. U. S. F. & G. Co.,* 85 Ga. App. 564 (2b) (69 SE2d 812); *Butler v. Fidelity & Cas. Co.,* 88 Ga. App. 620 (2) (76 SE2d 813).

2. There is a reason for remand, however, which justified the order. The award of medical expenses provided that the employer was directed to pay all accrued medical expenses which the employer and employee shall agree are reasonable and necessary to effect a cure or give relief.

There should have been an award of the specific items of medical expense incurred up to the time of the award, with a right of subsequent application, if these expenses were proved to have been necessary and reasonable for Blair's treatment. Code § 114-502 provides the standard to be applied by the board in awarding medical expenses. The duty of approving the items of medical expense is placed squarely upon the board by Code Ann. § 114-714.

An open-end award leaves the applying of standards and making the determination as to necessity and reasonableness to the party who must pay. This is not in keeping with the legislative intent. *Turner v. Baggett Transp. Co.,* 128 Ga. App. 801, 806 (198 SE2d 412).

It is true that the trial judge did not specify the medical award as a basis for the remand, but where the judgment of the trial court is proper and legal for any reason it will be affirmed, regardless of the reason assigned. See *Taylor v. Donaldson,* 227 Ga. 496, 502 (181 SE2d 340); *Walden v. Barwick,* 72 Ga. App. 545 (2) (34 SE2d 552).

3. For the reason stated in Division 1 insofar as the judgment of the trial court sets aside the award of the board, the judgment is reversed but insofar as the

judgment of the trial court remands the case to the board for findings of fact and determinations of reasonable and necessary medical expenses, the judgment is affirmed.

*Judgment reversed in part and affirmed in part. Quillian, P. J., and McMurray, J., concur.*

SUBMITTED OCTOBER 13, 1976 — DECIDED JANUARY 5, 1977.

*C. C. Perkins,* for appellant.
*Hopkins & Gresham, H. Lowell Hopkins,* for appellee.