### 54074. FIELDCREST MILLS, INC. v. GLASS.

BIRDSONG, Judge.

The appellant, Fieldcrest Mills, Inc., brings its appeal to the award of workman's compensation to appellee, Mrs. Glass. Appellant is a self-insurer. The employer complains in its enumerations of error that the evidence does not support the findings and conclusions of the administrative law judge and that the evidence affirmatively shows that there was an original injury in 1969, with all subsequent problems arising out of the original injury. That injury having been amicably settled between the employer and the employee, Fieldcrest Mills

now asserts that the administrative law judge erred in finding a new injury which was compensable, and further that it was error for the trial judge to deny a motion to dismiss the claim for the same reasons. The employer also asserts there are serious misstatements of the facts. The employer appealed the award of compensation to the full board of the State Board of Workmen's Compensation, which affirmed the award of the trial judge with one judge dissenting. That award was appealed to the superior court which affirmed without change. This appeal followed. *Held:*

1. This is a classic case of conflict of evidence. If the evidence adduced by the employer is believed, that evidence shows that Mrs. Glass suffered an accident in 1960. She received medical treatment for that injury which ultimately included an operation. Since that time, Mrs. Glass has undergone two additional operations. It was the opinion of the attending physician that all Mrs. Glass' subsequent problems have been the growth of scar tissue from the original operation which would have occurred regardless where she worked or what she did. In other words, the formation of the scar tissue had no relevance to her work and did not constitute another "injury."

On the other hand, there was evidence offered by Mrs. Glass and a physician called by her, which if believed, would show a distinct injury occurring in 1972 which injury was consistent with the current incapacitation suffered by Mrs. Glass.

This presents to this court nothing more or less than an application of the "any evidence" rule. While the findings and conclusions of the administrative law judge and the State Board of Workmen's Compensation as affirmed by the superior court are not demanded by the evidence, we cannot say that those findings and conclusions are not supported by some evidence. In fact in this case, the findings and conclusions are supported by substantial and competent evidence. The award of the State Board of Workman's Compensation should and will be affirmed if there is any evidence to sustain it, even though the evidence is not altogether complete and satisfactory. *Blackwell v. Liberty Mut. Ins. Co.,* 230 Ga.

174, 175 (196 SE2d 129) (1973); *Turner v. Baggett Transp. Co.,* 128 Ga. App. 801, 804 (3) (198 SE2d 412) (1974). We will abide by that mandate.

2. With the exception of the enumerations dealing with alleged erroneous factual conclusions and the definiteness of the award, the remaining enumerations of error sustain their validity upon a full acceptance of the employer's evidence and a rejection of the employee's. In view of the acceptance of the employee's evidence and rejection of that by the employer by the administrative law judge (a finding we have affirmed) those enumerations of error are without merit.

3. We likewise find the allegation that the findings of fact are not supported by the evidence and contain distortions and errors, to be without merit. Conceding that there are some such errors, we have carefully examined the evidence and the necessary and important findings and conclusions reached by the administrative law judge and find them to be supported by the evidence and to be without error. Such irregularities as might be contained in the findings are of minor import and worked no prejudice to the substantial rights of the employer. See *Weldon v. Howard,* 45 Ga. App. 668 (1) (165 SE 763) (1931).

4. Though we affirm the finding and judgment awarding compensation, there is a reason for remand. The award of medical expenses provided only that the employer was directed and authorized to pay medical expenses which had been accrued without indicating what those expenses might be. Payment for future treatment and its expense depended upon the opinion of the treating physician without requiring further approval by the board.

There should have been award of the specific items of medical expense incurred up to the time of the award, with a right of subsequent application, if these expenses were proved to have been necessary and reasonable for Mrs. Glass' treatment. Ga. L. 1920, pp. 167, 182; 1931, pp. 7, 43; 1937, pp. 230, 233; 1937, pp. 528, 533; 1943, pp. 167-169 (Code Ann. § 114-502) provides the standard to be applied by the board in awarding medical expenses. The duty of approving the items of medical expense is placed

squarely upon the board by Ga. L. 1920, p. 202; 1931, pp. 7, 43; 1937, pp. 230, 233; 1937, pp. 528, 535; 1943, pp. 167-169 (Code Ann. § 114-714).

An open-end award leaves the application of standards and the making of the determination as to necessity and reasonableness to the party who must pay or the party to whom payment is to be made. This is not in keeping with the legislative intent. *Turner v. Baggett Transp. Co.,* supra.

5. For the reasons stated in the first four divisions of this opinion, insofar as the judgment of the superior court affirms the award of compensation, that portion of the judgment is affirmed; but insofar as the judgment affirms the medical expenses, both those already accrued and those that might be incurred in the future, the judgment is reversed. The case is remanded with direction that there be further findings of allowable medical expenses in accordance with Code Ann. §§ 114-502 and 114-714, supra. *Blair v. U. S. Fidelity &c. Co.,* 140 Ga. App. 880, 881 (2) (232 SE2d 156) (1977).

*Judgment affirmed in part, reversed in part, and remanded with direction. Deen, P. J., and Webb, J., concur.*

ARGUED JUNE 7, 1977 — DECIDED SEPTEMBER 8, 1977.

*Page, Scrantom, Harris, McGlamry & Chapman, Max R. McGlamry,* for appellant.

*Moore & Szczepanski, Edward W. Szczepanski, Billy E. Moore,* for appellee.