44536, 44559.   GEORGIA CASUALTY & SURETY COMPANY et al. v. BLOODWORTH et al.; and vice versa.

BELL, Presiding Judge. 1. The employer and insurance carrier in this workmen's compensation case took this appeal from the judgment of the superior court remanding the case to the board for additional findings of fact. The court's order had the effect of setting aside the award denying compensation and since it did not purport to retain jurisdiction of the case, it was a final appealable judgment. *American Mut. Liab. Ins. Co. v. Kent,* 197 Ga. 733 (30 SE2d 599); *General Motors Corp. v. Martin,* 119 Ga. App. 279 (1) (167 SE2d 211). Cf. *Martin v. General Motors Corp.,* 224 Ga. 677 (164 SE2d 107). The claimant's motion to dismiss the appeal is denied.

2. Claimant, designating herself as Mrs. James Bloodworth, sought compensation as the widow of the deceased employee, James Bloodworth. The evidence showed that in January 1955 claimant entered into a ceremonial marriage with James Helm, who left her in August 1955. In October 1956, he filed a petition for divorce, which was served on claimant in November. There were no further docket entries or proceedings in the divorce action, and it was still pending at the time of the employee's injury and death. Claimant testified that she had not seen or heard from Helm since the proceedings began, that she believed the divorce had been completed, and that she and the employee had lived together thereafter for a period of eight years and were living together and holding themselves out as man and wife at the time of his injury and death. There was evidence that claimant and the employee had purchased a house in the names of James Bloodworth and Ruby Bloodworth, but that she still carried her bank account and her automobile registration in the name of Ruby Helm. The employee's married daughter testified that neither the employee nor claimant had represented to her that they were man and wife and that on one occasion, the claimant admonished the daughter not to call claimant Ruby Bloodworth, stating, "Ruby Helm is what I go by."

One who has been absent from his accustomed place of abode, unheard from for seven years is presumed to be dead, and in the absence of proof to the contrary his death is presumed to have occurred at the end of the seven-year period. *Payne v. Home Savings Bank,* 193 Ga. 406, 407 (18 SE2d 770, 140 ALR 1397) ; *Code* § 38-118. This presumption operates in favor of the validity of a subsequent common-law marriage. *Brown v. State,* 208 Ga. 304, 306 (66 SE2d 745) ; 55 CJS 837, Marriage, § 17 (d). However, the board found in this case that the claimant and the deceased employee had not contracted a valid marriage because, though they lived together, the evidence showed they had not held themselves out as man and wife. This finding made it unnecessary to consider the effect of the presumption of death, and additional findings related to the removal of the disability of a prior undissolved marriage are therefore surplusage. Under the circumstances found by the board, the claimant was not entitled to compensation even if she was actually dependent

on the employee. *Insurance Co. of North America v. Jewel,* 118 Ga. App. 599, 600 (164 SE2d 846). As the evidence authorized the finding and the award denying compensation, it was error to recommit the case to the board for additional findings. *Butler v. Fidelity &c. Co. of N. Y.,* 88 Ga. App. 620, 624 (76 SE2d 813). The judgment of reversal on the main appeal also disposes of the cross appeal adversely to claimant.

*Judgment reversed. Eberhardt and Deen, JJ., concur.*

ARGUED MAY 29, 1969—DECIDED SEPTEMBER 2, 1969— REHEARING DENIED SEPTEMBER 18, 1969—

*Quillian & Quillian, Alfred A. Quillian,* for appellants. *Glenville Haldi,* for appellees.