## 59144. ASSURANCE COMPANY OF AMERICA et al. v. SHEPHERD.

SOGNIER, Judge.

The employer and insurance carrier appeal from an order of the superior court affirming an award of the State Board of Workers' Compensation.

Shepherd worked for Classic City Beverages in Athens, Georgia and filed two claims for on-the-job injuries. The first claim was for a back injury which occurred when claimant attempted to open a boxcar door on April 14, 1977. The Administrative Law Judge found that since claimant incurred no lost time as a result of this injury, that it was a medical-only claim. The second claim, heard at the same time as the first, was for an injury to claimant's back sustained on August 22, 1977 when he lifted a case of beer. The ALJ found that as a result of the second injury, claimant became totally unable to work in October, 1977.

The appellant employer filed an appeal to the board expressly denying that it had notice of the August 22, 1977 injury. Upon de novo review of the evidence, the board found that after the injury on April 14, 1977 claimant returned to work and continued to work until October, 1977, when his condition had worsened and forced him to cease work. The board based its decision on *Central State Hospital v. James,* 147 Ga. App. 308 (248 SE2d 678) (1978). The superior court affirmed the board.

The question on review is whether or not Shepherd suffered a second injury on August 22, 1977 for purposes of bringing the claimant under the Subsequent Injury Trust Fund, which was created effective July 1, 1977. Ga. L. 1977, pp. 608, 609 (Code Ann. § 114-901).

Appellant does not dispute that the second injury occurred, and in fact, admits said injury. The ALJ found not only that there was a second injury, but that it was reported by the claimant. This is not a case where the ALJ and the full board have articulated the same facts and have reached a different conclusion based on those facts. In such a case, the findings and conclusions of the full board supersede those of the ALJ. *Carter v. Kansas City Fire &c. Ins. Co.,* 138 Ga. App. 601, 604 (226 SE2d 755) (1976). Rather, this is a case where the board has misstated the facts by ignoring the August, 1977 injury. Where there is an undisputed misstatement of fact in the award which we cannot say is immaterial as a matter of law, the case should be and is remanded to the board to correct its finding to include the subsequent injury and make an award with the correct finding taken into consideration. *Gates v. Aetna Ins. Co.,* 128 Ga. App. 546, 547 (197 SE2d 381) (1973).

*Judgment reversed with direction. Deen, C. J., and Birdsong, J., concur.*

SUBMITTED JANUARY 11, 1980 — DECIDED JUNE 20, 1980.

*Charles L. Drew, Richard C. Kissiah,* for appellants.
*James Hudson,* for appellee.
*Arthur K. Bolton, Attorney General, Gary R. Hurst, Staff Assistant Attorney General,* amicus curiae.