A89A2192. WILLIAMS v. CORBETT et al.
(392 SE2d 310)

COOPER, Judge.

Appellant appeals the reversal by the superior court of a workers' compensation award granted by the administrative law judge ("ALJ").

Appellant had lived with the employee for approximately eleven years prior to the employee's accidental death on the job, although the two had never married, nor had they established a common law marriage. Appellant's previous marriage ended in divorce; the employee's previous wife predeceased him. The employee's paycheck was used by appellant for their mutual support, and consequently the ALJ found that appellant's partial dependence entitled her to an award under OCGA § 34-9-13 (c) and (d), which allow for an award in cases of actual dependency notwithstanding relation to the employee. The superior court reversed, holding that the ALJ was incorrect in

ruling that the law set forth in *Ins. Co. of North America v. Jewel*, 118 Ga. App. 599 (164 SE2d 846) (1968) and *Georgia Cas. &c. Co. v. Bloodworth*, 120 Ga. App. 313 (170 SE2d 433) (1969), both of which denied benefits where the dependency arose from a meretricious relationship, applies only in cases involving adultery.

1. In response to appellant's first enumeration, we find that the superior court did not err in ruling that the ALJ incorrectly applied the law. Although *Jewel*, supra, involved an adulterous situation, that was not the crux of the holding, which was that when the dependency itself grew out of a meretricious relationship, such as adultery, benefits should be denied. *Jewel*, supra at 600. See also *Rush v. Holtzclaw*, 154 Ga. App. 4 (267 SE2d 316) (1980). In *Bloodworth*, supra, benefits were denied a claimant who had lived with the employee for eight years, without establishing a common law marriage. The claimant had been previously married but had not seen or heard from her husband in over ten years and believed herself to be divorced from him, although that divorce was not finalized. The court, citing *Jewel*, held that the facts "made it unnecessary to consider the effect of the presumption of death, and additional findings related to the removal of the disability of a prior undissolved marriage are therefore surplusage. Under the circumstances, . . . the claimant was not entitled to compensation even if she was actually dependent on the employee. [Cit.]" *Bloodworth*, supra at 314-315. Thus, the court indicated that the possible adulterous nature of the relationship was not of import — the meretricious relationship itself resulted in a denial of benefits, even if actual dependency existed. As it is undisputed that appellant and the employee were not married, either ceremonially or by common law, and as appellant's claim of dependency arises from such relationship, appellant is not entitled to a workers' compensation award.

2. Appellant's second enumeration, that the superior court erred in not following the language of OCGA § 34-9-13 (d), is likewise without merit. Although the text of the statute provides for a factual determination of dependency in situations other than those specified elsewhere, the statute is subject to the judicial limitations established in *Jewel* and *Bloodworth*. The legislature has not indicated otherwise.

3. In light of the uncontested facts of this case, we reject the third enumeration that the claimed dependency did not arise from a meretricious relationship.

*Judgment affirmed. Birdsong, J., concurs. Deen, P. J., concurs specially.*

DEEN, Presiding Judge, concurring specially.

While concurring fully with the majority opinion, it is acknowledged that in the instant case only possible potential criminal fornica-

tion is involved, while criminal adultery was involved in *Insurance Co. of North America v. Jewel*, 118 Ga. App. 599 (164 SE2d 846) (1968), the latter case being the authority for the case now before us.

In *Jewel*, at 604 and 605, Judge Hall pertinently pointed out a pithy dissent, "An actual dependent is a dependent in the same way a rose is a rose." He further states, "Neither the board nor the courts are empowered under the Act to go on a puritanical witch hunt with the avowed purpose of scouring the claimant's so-called unclean hands," and concludes by stating that "a reversal grounded upon the claimant's so-called morals casts this court into the role of Keystone Cops."

Nevertheless, we are bound by the majority opinion in *Jewel* and cannot ignore what was said by Judge Eberhardt in his special concurrence at 603, particularly as to the *"legal or moral obligation of the employee, as toward the one claiming dependency."* Possible potential criminal fornication and criminal adultery, which have to do with legal and moral acts, may be considered in the best-interests-of-the-child findings in custody and parental termination cases. *Gibson v. Pierce*, 176 Ga. App. 287 (335 SE2d 658) (1985) (aff'd 255 Ga. 525 (342 SE2d 467) (1986)). Likewise legal and moral conduct relating to dependency are required by these authorities to be considered in situations as in this present workers' compensation case.

DECIDED MARCH 13, 1990 —
REHEARING DENIED MARCH 26, 1990 — 

*O. Wayne Ellerbee*, for appellant.
*George T. Talley, Evans & Evans, Larry K. Evans, Michael J. Bowers, Attorney General, Harrison Kohler, Deputy Attorney General, Wayne P. Yancey, Senior Assistant Attorney General, K. Prabhaker Reddy,*, for appellees.