S90G0964. WILLIAMS v. CORBETT et al.
(398 SE2d 1)

SMITH, Presiding Justice.

The appellant, Louise Williams, sued to recover Workers' Compensation benefits as a dependent of an employee who died on the job. The employer, James Corbett, appellee, contested the benefits because the employee and the appellant were not married. The Court of Appeals granted certiorari and affirmed the trial court's order denying benefits to the appellant because the appellant's claim of dependency arose from a meretricious relationship. We affirm.

This case is controlled by *Ins. Co. of North America v. Jewel,* 118 Ga. App. 599 (164 SE2d 846) (1968), and *Ga. Cas. &c. Co. v. Bloodworth,* 120 Ga. App. 313 (170 SE2d 433) (1969). *Jewel* and *Bloodworth* hold that one who was not married to an employee, but who was living with the employee at the time of his death, is not entitled to dependency benefits, despite actual dependency, on the grounds that such payments should not grow out of a meretricious relationship. As *Jewel* and *Bloodworth* apply to all meretricious relationships, we reject the appellant's contention that the cases apply only to relationships involving adultery.

Similar to *Jewel* and *Bloodworth,* the appellant and the employee were not married either ceremonially or by common law. We affirm the holding of the Court of Appeals that one cannot recover dependency benefits arising from a living arrangement that includes neither ceremonial nor common-law marriage.

*Judgment affirmed. All the Justices concur, except Weltner, Hunt, and Benham, JJ., who dissent.*

WELTNER, Justice, dissenting.

1. Williams' entitlement to benefits is established by OCGA § 34-

9-13. After declaring presumptions of dependency for surviving spouses and minor children, the statute continues, at subparagraph (d):

> In all other cases, questions of dependency, in whole or in part, shall be determined in accordance with the facts at the time of the accident. . . .

Thus, the sole requirement of this portion of the statute is dependency *in fact*.

2. The administrative law judge found that Williams was partially dependent upon the deceased employee. The factual aspects of that finding are undisputed.

3. The elementary syllogism provides the correct conclusion to this case, as follows:

(a) Persons who are dependent are entitled to benefits.[1]

(b) Williams is a person who is dependent.[2]

(c) Williams is entitled to benefits.[3]

I am authorized to state that Justice Hunt and Justice Benham join in this dissent.

DECIDED NOVEMBER 8, 1990 —
RECONSIDERATION DENIED DECEMBER 19, 1990.

*Michael J. Bowers,* Attorney General, *K. Prabhaker Reddy, Edward F. Preston, George T. Talley,* for appellees.

---

[1] OCGA § 34-9-13 (d), supra.

[2] Administrative law judge's undisputed findings of fact.

[3] I am indebted to Judge Deen for his reference (*Williams v. Corbett,* 195 Ga. App. 85, 87 (382 SE2d 310) (1990), Deen, J., concurring) to Judge Hall's dissent in *Ins. Co. of North America v. Jewel,* 118 Ga. App. 599, 604 (164 SE2d 846) (1968): "An actual dependent is a dependent in the same way as a rose is a rose." See his further comments at p. 605.