A93A1010. CITY OF MARIETTA et al. v. KIRBY et al.
A93A1125. CITY OF MARIETTA v. KIRBY et al.
(436 SE2d 762)

SMITH, Judge.

Douglas Kirby, a firefighter/engineer, injured his neck in a fall on the job in April 1982 and was awarded workers' compensation income benefits and medical payments. At that time, The Home Insurance Company was the carrier for the city, and it paid the benefits. In subsequent years, Kirby was hospitalized several times for treatment of recurrent neck and back pain, and Home covered these benefits, with the last payment having been made in 1987. In 1989, Kirby filed another claim for medical payments and temporary total disability benefits for a period of several weeks in August 1989, for injuries that he alleged resulted from the original injury through a change in condition. Home defended the 1989 claim on the ground that the injuries resulted not from a change in condition but from alleged new accidents incurred in 1985 and 1986, during which time Aetna Casualty and Surety Company was the carrier for the city. An ALJ found that Kirby's condition in 1989 was a change in condition relating back to the 1982 injury, and not the result of any new accidents as alleged by Home. He awarded Kirby temporary total benefits and medical payments for the 1989 condition, and found Home responsible for payment of these benefits. The full Board affirmed, and the award was affirmed by operation of law in the superior court. OCGA § 34-9-105 (b). We granted the application for discretionary appeal of the employer and Home Insurance Company, the city's workers' compensation carrier at the time of the 1982 incident.

The city's changes of insurance carrier and its subsequent shift to self-insured status in 1988 result in the city appearing in these appeals in several different capacities. In Case No. A93A1010, the main appeal, the city, as Kirby's employer in 1982 and Home, its carrier for that year, are the appellants. Case No. A93A1125, the cross-appeal, is taken by the city in its capacity as Kirby's employer in the years 1985 and 1986, the years during which Home alleges new accidents oc-

curred for which it is not responsible.[1] In its capacity as Kirby's employer/self-insurer from 1988 to 1989, the city is also an appellee in both cases.

1. In the main appeal, the city and Home contend the trial court erred in finding that Kirby's 1989 injury resulted from a change in condition. They argue that Kirby's medical problems in 1989 resulted from new accidents occurring in 1985 and 1986. "In order to better distinguish between old and new injuries, the court in *Central State Hosp. v. James,* [147 Ga. App. 308, 309 (248 SE2d 678) (1978)] outlined three of the frequently occurring situations in the work place." *Holt's Bakery v. Hutchinson,* 177 Ga. App. 154, 156 (1) (338 SE2d 742) (1985).

Those three situations were described in *James* in the following terms: "(a) One instance is where the claimant is injured on the job but continues to perform the duties of his employment until such time that he is forced to cease work because of the gradual worsening of his condition which was at least partly attributable to his physical activity in continuing to work subsequent to his injury. Our courts have held that the one-year statute of limitation begins to run from the date the claimant was forced to cease his employment. They base this holding on the theory that the date of the 'new accident' is the date that the disability manifests itself. [Cits.]

"If the court had held otherwise it would have penalized a claimant who attempted to continue working even though he was injured to some extent. . . .

"(b) A second example is where the claimant sustains a second accident *as the result of a specific job-related incident* which aggravates a pre-existing condition which resulted from a prior accident. In these circumstances the second accident which aggravated the pre-existing condition is a new injury, if the second accident at least partially precipitated the claimant's disability. [Cit.] This is true whether the claimant is immediately disabled or if he continues to work after the second accident and his condition gradually worsens until he is forced to cease his employment. [Cit.]

"(c) A third situation is where the claimant sustains an injury and is awarded compensation during his period of disability. Subsequent thereto he returns to his employment performing his normal duties or ordinary work. Then as a result of the wear and tear of ordinary life and the activity connected with performing his normal duties and not because of a specific job-related incident his condition gradually worsens to the point that he can no longer continue to per-

---

[1] Although Aetna is listed as a cross-appellee in Case No. A93A1125, it is the city's workers' compensation carrier for those years and its contentions are identical to those of the employer/cross-appellant.

form his ordinary work. This gradual worsening or deterioration would constitute a change in his condition and not a new accident. [Cits.]" *Central State Hosp. v. James,* supra at 309-310 (1).

The evidence in this case supports the finding of the ALJ that the claim in issue fits in the category of a change in condition. The record reveals that after having been employed as a firefighter/engineer by the city for over 17 years Kirby sustained a work injury to his cervical spine in 1982, and was awarded compensation for a cervical sprain. He subsequently returned to his normal duties. He testified at the administrative hearing that about a year after his 1982 injury, and related to no specific incident, he began to experience back pain as well as neck pain. Kirby's testimony was that his problem has more or less continued since the 1982 accident and has not been exacerbated by any particular incident since then. There are times when it has been better, and times when it has been worse.

Although some evidence indicated Kirby may have reported to the treating physician that he aggravated his condition in 1985 when he moved a large dog while fighting a fire, there is also evidence to the contrary. Kirby testified that lifting the dog was immaterial, both because it was less strenuous than lifting heavy fire hoses, which he did routinely in his job, and because he experienced no greater problem with his neck or back after lifting the dog than he had before. Moreover, prior to moving the dog he was experiencing an episode in which the condition had worsened. He was in severe pain, had scheduled an appointment with his treating neurologist, Dr. Re, and had been scheduled for admission to the hospital for treatment. Kirby also denied any specific work incident during 1986 in which he was injured, and since the city and Home have not referred to this incident in their appeal, any argument with regard to it is deemed abandoned. *City of Atlanta v. United Elec. Co.,* 202 Ga. App. 239 (1) (414 SE2d 251) (1991).

Kirby's medical records, entered into evidence at the hearing, show that since the 1982 injury he has been followed for cervical problems and lumbar problems. His diagnosis evolved over a period of time, from cervical sprain to cervical spine disease with chronic degenerative osteoarthritis, which according to Dr. Re, is a pattern not uncommon with such injuries. He has complained of, and has been treated for, resulting pain. He has been hospitalized for treatment with nerve blocks, traction, and physical therapy.

We do not find that Dr. Re's deposition testimony, relied on by the city and Home, requires a finding of a new accident. Although Dr. Re deposed that Kirby had reported to him that he aggravated his condition by lifting the dog, Kirby explained this by testifying that he told the doctor about moving the dog only in response to questioning regarding his recent activities and not because lifting the dog aggra-

vated the problem or was responsible for his pain. Moreover, lifting a dog while fighting a fire would have been a normal work duty for Kirby. The doctor also deposed that it would be fair to summarize Kirby's condition by saying that Kirby had suffered a job injury in 1982, that since then he had experienced a number of exacerbations that had combined to produce Kirby's condition in 1992, and that the activities that contributed to the progression of his condition would be those activities after which he noticed an increase in pain.

This court has held that in a workers' compensation case, the factfinder is not absolutely bound by medical opinion evidence, though it be uncontradicted. The factfinder must consider that opinion along with all the other evidence, including the claimant's testimony. *Raley v. Lanco Paint &c.*, 190 Ga. App. 462, 464-465 (3) (379 SE2d 196) (1989). On appeal, the evidence is construed most favorably to the party prevailing before the board, *Impress Communications v. Stanley*, 202 Ga. App. 226, 229 (1) (414 SE2d 238) (1991), and "[i]n the absence of fraud, the findings of the Board are conclusive and shall not be set aside unless it is found that there is not sufficient competent evidence in the record to warrant the Board's decision. [Cits.]" *Elbert County Bd. of Commrs. v. Burnett*, 200 Ga. App. 379, 382 (408 SE2d 168) (1991). See OCGA § 34-9-105 (c) (4).

The ALJ made a finding that Kirby's 1982 injury "did not resolve, but gradually developed into a degenerative condition of both the cervical and lumbar spine, which hindered his physical activities, caused reoccurring pain, and made ongoing medical treatment necessary." The claimant's testimony, as well as other evidence supports this finding, and it is therefore binding on this court. *Franks v. Avila*, 200 Ga. App. 733, 735 (4) (409 SE2d 564) (1991). The judgment in Case No. A93A1010 must be affirmed.

2. In Case No. A93A1125, the cross-appeal, the city/employer and Aetna, its workers' compensation carrier in 1985 and 1986, argue that any claims resulting from the alleged new accidents in 1985 and 1986 are barred by the statute of limitation. Our affirmance of the judgment in Case No. A93A1010 that Kirby's 1989 claim resulted from a change in condition and not from new accidents in 1985 and 1986 renders this issue moot, and the cross-appeal must therefore be dismissed.

*Judgment affirmed in Case No. A93A1010. Appeal dismissed in Case No. A93A1125. Beasley, P. J., and Cooper, J., concur.*

DECIDED OCTOBER 15, 1993.

*Sligh, Presmanes & Jackson, Gregory T. Presmanes*, for appellants.

*McLain & Merritt, Thomas C. Holcomb, Paula F. Smith, Free-*

man & Hawkins, Joseph R. Cullens, Chambers, Mabry, McClelland & Brooks, C. Gregory Ragsdale, Lawrence J. Hogan, Judith A. Hodges, Wilson, Strickland & Benson, Earl B. Benson, Jr., Lydia E. Barker, for appellees.