A94A2719. PITTS v. GOFER COURIER SERVICE.
(453 SE2d 505)

ANDREWS, Judge.

Pitts was injured in an automobile accident driving his own automobile while delivering a package for Gofer Courier Service, Inc. ("Gofer"). He was awarded workers' compensation benefits by an administrative law judge ("ALJ"), who determined that he was an employee of Gofer rather than an independent contractor, and that he was entitled to recover for injuries he sustained in the automobile accident during the course of his employment. On de novo review, the full board reversed the ALJ and substituted its decision dated March

10, 1994, denying benefits on the basis that Pitts was not an employee of Gofer, but was an independent contractor when the injury occurred. On appeal, the superior court held a hearing, considered the record, and entered the following order: "[T]hat this matter is remanded to the Full Board of the State Board of Worker's Compensation for further findings of fact and conclusions of law relative to its award of March 10, 1994." We granted Pitts' application for a discretionary appeal from the order of the superior court.

1. Pitts claims the full board erroneously decided he was an independent contractor and that the superior court erred by failing to set aside the decision on one or more of the statutory grounds set forth in OCGA § 34-9-105 (c).

The superior court's order did not explicitly affirm, reverse or take any other action with respect to the decision of the full board other than remanding the case. Under OCGA § 34-9-105 (d), "[u]pon the setting aside of any such decision of the board, the [superior] court may recommit the controversy to the board for further hearing or proceedings in conformity with the judgment and opinion of the court. . . ." In *Maczko v. Employers Mut. &c. Ins. Co.*, 116 Ga. App. 247 (157 SE2d 44) (1967), we held that under OCGA § 34-9-105 "the [superior] court must affirm the award unless it is set aside on one or more of the statutory grounds stated therein. The order of the court remanding the case to the board, in the absence of setting aside the award on one of the statutory grounds, was therefore unauthorized. [Cits.] The trial court having divested itself of jurisdiction in the matter by this action, however, this court has jurisdiction on appeal from such order, and in the posture presented on appeal will examine the record to determine whether there is any competent evidence to support the award. [Cit.]" Similarly, in *Ga. Cas. &c. Co. v. Bloodworth*, 120 Ga. App. 313 (170 SE2d 433) (1969), we held that an order by the superior court "remanding the case to the board for additional findings of fact . . . had the effect of setting aside the award denying compensation and since it did not purport to retain jurisdiction of the case, it was a final appealable judgment." See *Turner v. Baggett Transp. Co.*, 128 Ga. App. 801, 803 (198 SE2d 412) (1973).

Accordingly, even though in remanding the case the superior court did not explicitly set aside the full board's award, the order had the effect of setting aside the award and the court did not purport to retain jurisdiction of the case. Under these circumstances, we have jurisdiction to review the record to determine if there was a basis for the full board's decision.

2. The sole basis for the full board's reversal of the ALJ was its conclusion that Pitts was an independent contractor. The full board relied on the definition of "employee" set forth in OCGA § 34-9-1 (2), which provides in part: "For purposes of this chapter, an owner-oper-

ator as such term is defined in Code Section 40-2-87 shall be deemed to be an independent contractor." Under OCGA § 40-2-87 (19), an " '[o]wner-operator' means an equipment lessor who leases his vehicular equipment with driver to a carrier." The full board concluded that, while operating his own automobile to deliver packages for Gofer, Pitts was an owner-operator under this definition and, therefore, was an independent contractor, not an employee of Gofer.

The definition of "owner-operator" in OCGA § 40-2-87, relied upon by the full board, appears as part of Article 3A (Reciprocal Agreements For Registration of Commercial Vehicles) of Chapter 2 (Registration and Licensing of Motor Vehicles) of OCGA Title 40 (Motor Vehicles and Traffic). The definitions in OCGA § 40-2-87 of Article 3A were enacted to govern reciprocal agreements or plans entered into by the Department of Revenue under the authority of OCGA § 40-2-88, also contained in Article 3A. Under OCGA § 40-2-88, the Department of Revenue "is authorized to enter into reciprocal agreements or plans on behalf of the State of Georgia with the appropriate authorities of any of the states of the United States, the District of Columbia, a state or province of any foreign country, or a territory or possession of the United States or any foreign country providing for the registration of commercial vehicles on an apportionment basis and may, in the exercise of this authority, enter and become a member of the International Registration Plan developed by the American Association of Motor Vehicle Administrators." Such agreements or plans are directed toward the regulation of commercial vehicles in interstate and international commerce. See OCGA §§ 40-2-87; 40-2-88.

There is nothing in the present record to indicate that Pitts, who drove his vehicle as a courier for Gofer in the metropolitan Atlanta area, was an "owner-operator" within the meaning of OCGA § 40-2-87 (19). Accordingly, there is no evidence in the record to support the full board's conclusion that, since Pitts was an "owner-operator" as defined by OCGA § 40-2-87 (19), he was deemed, as a matter of law, to be an independent contractor under OCGA § 34-9-1 (2). The superior court erred by failing to explicitly set aside the full board's decision on grounds set forth in OCGA § 34-9-105 (c) and, in remanding the case, the court failed to give the board sufficient directions for reconsideration of its decision. Nevertheless, we affirm the order of the superior court since it had the effect of setting aside the decision of the full board. In light of its conclusion that Pitts was an "owner-operator/independent contractor" under OCGA §§ 40-2-87 (19) and 34-9-1 (2), the full board did not reach the merits of the grounds upon which the ALJ's award was appealed. Accordingly, we remand the case to the superior court with directions that the case be recommitted to the full board for resolution in a manner not inconsistent

with this opinion. See *Fulton Cotton Mills v. Lashley*, 123 Ga. App. 528, 531 (182 SE2d 180) (1971).

*Judgment affirmed and case remanded with directions. Beasley, C. J., and Johnson, J., concur.*

Decided January 19, 1995 —
Reconsideration denied February 3, 1995 —

*Thompson, O'Brien, Kemp & Nasuti, R. Michael Thompson, John J. McCloskey*, for appellant.

*Sligh, Presmanes & Jackson, Gregory T. Presmanes*, for appellee.