A03A0729. FULTON COUNTY BOARD OF EDUCATION
v. TAYLOR.
(586 SE2d 51)

SMITH, Chief Judge.

Nathaniel Taylor, Jr., the claimant in this workers' compensation case, was employed by the Fulton County Board of Education

when he received a compensable injury to his shoulder and neck on October 21, 1999. Medical treatment for Taylor's injuries was commenced, and he returned to work performing light duty activities.

On February 7, 2000, as an alternative to involuntary termination of his employment with the Fulton County Board of Education, Taylor chose to resign. The termination of employment was not related to the compensable injury. Thereafter and through the hearing date, Taylor did not obtain suitable employment.

Taylor is seeking temporary total disability benefits from February 7, 2000, payment of certain medical bills, penalties, and attorney fees. Based on findings that Taylor had conducted a diligent search for work from May 22, 2000, through April 30, 2001, and that Taylor was totally disabled due to his work-related injuries from May 1, 2001, the administrative law judge awarded payment of temporary total disability benefits from May 22, 2000, to the present and continuing into the future. The ALJ also directed payment of attorney fees and certain medical expenses.

The appellate division substantially revised the factual findings and partially reversed the ALJ's award. Based on findings that the preponderance of the credible medical evidence shows that Taylor was capable of light duty work since his termination of employment on February 7, 2000, and that Taylor did not conduct a diligent job search, the appellate division denied the request for temporary total disability benefits and attorney fees. While the appellate division retained that portion of the ALJ's award requiring payment of certain medical expenses, the rationale supporting this provision was changed.

Both parties appealed the appellate division decision to the superior court. The superior court remanded the case with direction that three questions requiring factual findings be answered and that the award be changed as deemed necessary based on the answers. This court granted the Fulton County Board of Education's application for discretionary appeal.

1. We first address whether this court has jurisdiction to entertain this appeal.

> The superior court's order did not explicitly affirm, reverse or take any other action with respect to the decision of the full board other than remanding the case. Under OCGA § 34-9-105 (d), "upon the setting aside of any such decision of the board, the superior court may recommit the controversy to the board for further hearing or proceedings in conformity with the judgment and opinion of the court." In *Maczko v. Employers Mut. &c. Ins. Co.*, 116 Ga. App. 247 (157 SE2d 44) (1967), we held that under OCGA § 34-9-105

"the superior court must affirm the award unless it is set aside on one or more of the statutory grounds stated therein. The order of the court remanding the case to the board, in the absence of setting aside the award on one of the statutory grounds, was therefore unauthorized. The trial court having divested itself of jurisdiction in the matter by this action, however, this court has jurisdiction on appeal from such order, and in the posture presented on appeal will examine the record to determine whether there is any competent evidence to support the award." Similarly, in *Ga. Cas. &c. Co. v. Bloodworth*, 120 Ga. App. 313 (170 SE2d 433) (1969), we held that an order by the superior court "remanding the case to the board for additional findings of fact had the effect of setting aside the award denying compensation and since it did not purport to retain jurisdiction of the case, it was a final appealable judgment." See *Turner v. Baggett Transp. Co.*, 128 Ga. App. 801, 803 (198 SE2d 412) (1973).

(Citations and punctuation omitted.) *Pitts v. Gofer Courier Svc.*, 216 Ga. App. 219, 220 (1) (453 SE2d 505) (1995).

Even though in remanding the case the superior court did not explicitly set aside the appellate division's award, the order had the effect of setting aside the award, and the superior court did not purport to retain jurisdiction of the case. We have jurisdiction to review the record to determine if there was a basis for the appellate division's decision.

2. The first and third enumerations of error submitted by the Fulton County Board of Education seek a determination that portions of the appellate division award, holding that Taylor is not entitled to total disability benefits or attorney fees, are supported by application of the "any evidence" rule and should not have been set aside in substance by the superior court. These portions of the appellate division award are predicated on findings that Taylor has been capable of light duty work since the date of his termination of employment on February 7, 2000, and that Taylor failed to conduct a diligent search for employment at any time.

The ALJ rejected the expert medical opinion of Dr. Koffler dated January 17, 2000, that Taylor could return to regular duty work and Dr. Tatum's determination during the summer of 2001 that Taylor was capable of regular duty work. The appellate division's determination concerning Taylor's physical capabilities following his termination necessarily means that it agreed with the ALJ's rejection of these doctors' opinions and also that it rejected Dr. Halleck's opinion on May 1, 2000, that Taylor was totally disabled.

The rejection of these medical opinions was within the authority

of the appellate division, which is not absolutely bound to accept such expert opinions even when uncontroverted. *City of Marietta v. Kirby*, 210 Ga. App. 566, 569 (1) (436 SE2d 762) (1993); *Atlanta Hilton & Towers v. Gaither*, 210 Ga. App. 343, 346 (2) (436 SE2d 71) (1993). Here, the appellate division was authorized to consider all of the evidence and determine that there was no change of Taylor's light duty status.

The evidence shows that after the termination of Taylor's employment with the Fulton County Board of Education, his job search was limited to a week in May 2000 plus a few days in June 2000; that he did not resume looking for work until February 2001, or eight months later; and that he sought work on only four days through March 26, 2001. Taylor did not fill out any applications and had no job interviews. This evidence authorized the appellate division determination that Taylor had not conducted a diligent job search. Because he was capable of light duty work, Taylor was not entitled to total disability benefits. *Maloney v. Gordon County Farms*, 265 Ga. 825 (462 SE2d 606) (1995); *Evco Plastics v. Burton*, 200 Ga. App. 121, 122 (407 SE2d 60) (1991).

The questions posed by the superior court relating to the claim for award of temporary total disability benefits have therefore been answered by the appellate division. Specifically, the appellate division award answers questions as to when Taylor was temporarily totally disabled, could perform restricted duty work, and could perform regular duty work with the statement that "the preponderance of the credible medical evidence shows that the employee was capable of light duty work since his termination by the employer/self-insurer on February 7, 2000."

Furthermore, insofar as the superior court's remand order requires specification of a time line showing the employer's obligation to pay benefits and the employee's obligation to perform a diligent employment search, the factual findings sought to be elicited are already contained in the appellate division order. During the relevant period of time from the February 7, 2000 job termination through the hearing date, Taylor was required to make a diligent search for suitable employment in order to prove that he was unable to find employment. *Maloney v. Gordon County Farms*, supra at 828. He failed to do so, with the result that he was not entitled to a resumption of temporary total disability benefits.

The superior court erred to the extent that it sought unnecessarily to elicit additional factual findings on issues that had already been resolved by the portion of the appellate division award that denied temporary total disability benefits and assessed attorney fees.

3. For the reasons that follow, we affirm the superior court's implicit setting aside of that portion of the appellate division award

ordering payment of certain medical expenses. Both the ALJ and the appellate division determined that the employer was financially responsible for Taylor's treatment by two nonpanel physicians, Dr. Ciepela and Dr. Halleck, and that Taylor is authorized to seek treatment from the physician of his choice for his work injuries. The rationale provided by the ALJ for this award of medical treatment was rejected by the appellate division. Instead, the appellate division found a failure to provide medical care. On that basis, it concluded that this deviation from the usual authority of an employer to require that an injured employee choose from its designated panel of physicians was authorized. See OCGA §§ 34-9-200; 34-9-201.

The appellate division stated that "Dr. Hughes was an authorized treating physician who opined that the employee needed the care of a shoulder specialist . . . [and] referred the employee to Dr. Duralde. The employer/self-insurer did not authorize such care, and this was in effect a failure to provide medical care." But the appellate division's statement is not supported by the evidence. The record shows that Dr. Hughes was a physician to whom Taylor was referred for a second opinion. He therefore was *not* a primary authorized treating physician who was himself authorized to further refer Taylor to any other physician, including Dr. Duralde. OCGA § 34-9-201 (b) (2). See also *Holcombe v. Brown Transport Corp.*, 253 Ga. 719 (324 SE2d 446) (1985). The appellate division's stated rationale for that portion of the award concerning payment for certain medical expenses is therefore unsupported by the evidence. This failure of proof authorized the setting aside of the appellate division award.

4. The remaining enumeration of error submitted by the employer maintains that the superior court should have gone further and reversed the appellate division's award of medical expenses, rather than merely remanding the matter and eliciting further factual findings that support the appellate division's conclusion that the employer failed to provide medical care. We do not agree, and we affirm that part of the superior court decision remanding for further factual findings with respect to the award of medical expenses. The record presents alternative theories and conflicting evidence in respect to this matter. These factual issues must be decided in the first instance by the board. It was therefore appropriate to remand so that the appellate division might enter an award based on correct findings of fact. *Assurance Co. of America v. Shepherd*, 155 Ga. App. 36 (270 SE2d 268) (1980); *Mansfield Enterprises v. Warren*, 154 Ga. App. 863, 864 (270 SE2d 72) (1980).

*Judgment affirmed in part and reversed in part. Ruffin, P. J., and Miller, J., concur.*

DECIDED JULY 10, 2003 —
RECONSIDERATION DENIED JULY 25, 2003.

*McLain & Merritt, Thomas C. Holcomb, Clayton E. Robertson,* for appellant.

*Clements & Sweet, Lawrence T. Clements,* for appellee.