A04A2055. MINTER v. TYSON FOODS, INC.
(609 SE2d 137)

RUFFIN, Presiding Judge.

After the State Board of Workers' Compensation ("State Board") awarded income benefits to Diane Minter, the superior court reversed the award and remanded the case to the State Board. We granted Minter's application for discretionary appeal. For reasons that follow, we affirm in part and reverse in part.

Viewed in a light favorable to Minter,[1] the record reveals that Minter sustained several work-related injuries while employed by Tyson Foods, Inc., including a finger injury, carpal tunnel injury, and back and shoulder injuries. On September 27, 2001, while Minter was still on light duty work as a result of her back and shoulder injuries, Tyson Foods began a general layoff of employees because it was renovating part of its plant. The plant reopened in October 2001, and workers were recalled based upon seniority.

On October 11, 2001, Minter underwent surgery that was unrelated to her work injury and as a result of that surgery was unable to work for six weeks. During this time, Tyson Foods offered her the opportunity to return to work in a regular duty position. According to Minter, however, she continued to have limitations as a result of her work injuries. Although several other Tyson employees were recalled in light duty positions, Minter was never offered a light duty job.

Minter testified that, since her layoff, she has applied for work elsewhere in keeping with her light duty restrictions, but has been unable to find employment. Thus, she filed a claim for temporary total disability ("TTD") benefits. She also sought attorney fees pursuant to OCGA § 34-9-108 and requested that penalties be imposed on Tyson Foods under OCGA § 34-9-221.

Following a hearing, the administrative law judge ("ALJ") found that because Tyson Foods only offered Minter employment beyond her physical restrictions, her injury was the reason for her continued unemployment. Thus, the ALJ reasoned that Tyson terminated Minter's employment because of her work injury. Under the reasoning of *Padgett v. Waffle House*,[2] the ALJ found that Minter was entitled to recommencement of benefits. In the alternative, the ALJ held that, even if *Padgett* did not apply, Minter was entitled to benefits under the reasoning set forth in *Maloney v. Gordon County Farms*.[3] Specifically, the ALJ found that Minter had made a diligent attempt to find employment elsewhere, but was unable to find suitable work. The ALJ awarded Minter: (1) TTD benefits, plus a 15 percent penalty; (2) a one-time assessed attorney fee of $3,000; and (3) continued payment of attorney fees in the amount of 25 percent of Minter's TTD benefits, which was not to be deducted from Minter's payments. Finally, the ALJ ordered Tyson to pay the Board a $100 civil payment in accordance with OCGA § 34-9-18 (a). The ALJ subsequently amended the award to include litigation expenses.

---

[1] See *High Voltage Vending v. Odom*, 266 Ga. App. 537 (597 SE2d 428) (2004) (on appeal, courts required to view evidence in light most favorable to party that prevailed before State Board).

[2] 269 Ga. 105 (498 SE2d 499) (1998).

[3] 265 Ga. 825 (462 SE2d 606) (1995).

Tyson Foods appealed this award to the appellate division, which affirmed the award of TTD benefits. However, the appellate division found the $3,000 attorney fee award excessive given the award of 25 percent of income benefits in assessed attorney fees. Thus, it struck the $3,000 award. The appellate division also struck the award of litigation expenses as well as the $100 civil penalty.

Tyson Foods and Minter filed cross-appeals to the superior court. That court affirmed all of the findings of the appellate division, except for the TTD award, which it remanded to the State Board "because it is unclear as to whether or how the standards and requirements of the *Padgett* and/or *Maloney* decisions were applied." This appeal ensued.

1. Minter claims that the superior court erred in remanding the award of TTD benefits to the State Board. "It is axiomatic that the findings of the State Board of Workers' Compensation, when supported by any evidence, are conclusive and binding, and that neither the superior court nor this court has any authority to substitute itself as a fact finding body in lieu of the Board."[4] Here, the superior court remanded the award granting TTD benefits to Minter for further factual and legal analysis under the *Padgett* and *Maloney* decisions. However, if any evidence supports the State Board's ruling that these two cases authorize an award of TTD benefits, the superior court is required to affirm.

The evidence arguably does not support the ALJ's conclusion that *Padgett* applies to the facts of this case.[5] Pretermitting whether *Padgett* applies, however, the ALJ also found that Minter was entitled to benefits in accordance with *Maloney*.[6] In *Maloney*, an employee with light duty work restrictions was terminated for reasons unrelated to her work injury. The Supreme Court held that, for such employee to establish entitlement to income benefits, she

> must establish by a preponderance of the evidence that . . . she suffered a loss of earning power as a result of a compensable work-related injury; continues to suffer physical

---

[4] *Milliken & Co. v. Poythress*, 257 Ga. App. 586 (571 SE2d 569) (2002).

[5] In *Padgett*, the employee was terminated from her employment " 'for reasons which were directly related to her job injury.' " Id. at 106. Under those circumstances, the Supreme Court held that an employee is not required to establish that she made a diligent effort to find employment elsewhere before becoming entitled to workers' compensation income benefits. See id. Here, however, it is undisputed that Minter's job loss originally stemmed from a general layoff.

[6] Supra.

limitations attributable to that injury; and has made a diligent, but unsuccessful effort to secure suitable employment following termination.[7]

In the case at bar, the ALJ found — and the appellate division agreed — that Minter sustained a compensable work-related injury, is unable to return to work, and has made a diligent, but unsuccessful attempt to find employment elsewhere. As there is some evidence supporting these findings, the superior court was required to affirm.[8]

Evidently, Tyson Foods believes that it is entitled to clarification of the basis for the ALJ's award. Specifically, it cites *Fulton County Bd. of Ed. v. Taylor* to support its argument that, when the record presents alternative theories and conflicting evidence with respect to a matter, it is "appropriate to remand so that the appellate division might enter an award based on the correct findings of fact."[9] Tyson Foods has misread this case. In *Taylor*, the State Board made findings of fact that were not supported by the record.[10] Accordingly, it was necessary to remand the case to the Board, the factfinder, to apply correct facts. *Taylor* does not stand for the general proposition that remand is appropriate any time the record presents alternate theories and conflicting evidence.

2. Minter also claims that "[t]he Superior Court erred when it affirmed the Appellate Division's decision to vacate [the ALJ's] Award of assessed attorney fees in the amount of $3,000.00." As noted by our Supreme Court, "[t]he ALJ is vested with the authority to make findings of fact in workers' compensation claims. The appellate division of the workers' compensation board must accept the ALJ's findings where there is a preponderance of competent and credible evidence to support the decision."[11] And the findings of the appellate division, when supported by any evidence, are conclusive and binding.[12]

Here, the ALJ awarded attorney fees under OCGA § 34-9-108 (a) in the amount of 25 percent of Minter's weekly benefits. The ALJ also awarded a lump sum attorney fee of $3,000 in accordance with OCGA § 34-9-108 (b). After reviewing the record, the appellate division found "the additional $3,000.00 . . . excessive in light of the facts of

---

[7] See id. at 828.

[8] *Fulton County Bd. of Ed. v. Taylor*, 262 Ga. App. 512, 515 (2) (586 SE2d 51) (2003).

[9] Id.

[10] See id. at 515-516 (3).

[11] (Punctuation omitted.) *Hallisey v. Fort Howard Paper Co.*, 268 Ga. 57, 58 (1) (484 SE2d 653) (1997).

[12] See *Mechanical Maintenance v. Yarbrough*, 264 Ga. App. 181, 183 (590 SE2d 148) (2003); *Taylor*, supra at 514-515 (2).

this claim." Under these circumstances, the appellate division was authorized to find such award excessive and thus not supported by a preponderance of the evidence.

3. Finally, Minter argues that "[t]he Superior Court erred when it affirmed the Appellate Division's decision to vacate [the ALJ's] Award of litigation expense[s]." OCGA § 34-9-108 (b) (4), which permits the recovery of litigation expenses, was not enacted until July 1, 2001.[13] Minter's injury, which was incurred in September 1999, pre-dates this statute. The appellate division declined to apply the statute retroactively, and it struck the award of litigation expenses. On appeal, Minter argues that the Code section is procedural, rather than substantive, and thus should be given retroactive application.

"Generally statutes prescribe for the future and that is the construction to be given unless there is a clear contrary intention shown. On the other hand, where a statute governs only procedure of the courts, . . . it is to be given retroactive effect absent an expressed contrary intention."[14] "Substantive law is that law which creates rights, duties, and obligations. Procedural law is that law which prescribes the methods of enforcement of rights, duties, and obligations."[15] Prior to the enactment of OCGA § 34-9-108 (b) (4), Minter had no right to payment of litigation expenses. Accordingly, the statute creating such right is substantive rather than procedural, and the superior court properly affirmed the appellate division on this issue.

*Judgment affirmed in part and reversed in part. Eldridge and Adams, JJ., concur.*

DECIDED DECEMBER 31, 2004.

*Moskowitz & Carraway, David H. Moskowitz,* for appellant.
*Moore, Clarke, Duvall & Rodgers, Luanne Clarke, Julie S. Irvin,* for appellee.

---

[13] Ga. L. 2001, p. 748, § 2.
[14] (Citations omitted.) *Polito v. Holland,* 258 Ga. 54, 55 (2) (365 SE2d 273) (1988).
[15] Id. at 55 (3).