**THIRD DIVISION**
**ELLINGTON, P. J.,**
**ANDREWS and RICKMAN, JJ.**

**NOTICE: Motions for reconsideration must be** *physically received* **in our clerk's office within ten days of the date of decision to be deemed timely filed.**
**http://www.gaappeals.us/rules**

**October 17, 2017**

# In the Court of Appeals of Georgia

A17A1135. SANCHEZ v. CARTER et al.

ELLINGTON, Presiding Judge.

Reynalda Munoz Sanchez appeals from the order of the Superior Court of Colquitt County affirming the award of the Appellate Division of the State Board of Workers' Compensation denying her workers' compensation dependency benefits. We affirm because, although Sanchez was living with and dependent on Juan Martinez-Martin ("the employee") at the time of his death from a work-related injury, she was not married to him, either ceremonially or by common law, and she was therefore not entitled to recover benefits arising out of that living arrangement.

In reviewing a workers' compensation benefits award, both this Court and the superior court must construe the evidence in a light most favorable to the party which prevailed before the Board. *Reid v. Ga. Bldg. Auth.*, 283 Ga. App. 413 (641 SE2d

642) (2007). "It is axiomatic that the findings of the State Board [], when supported by any evidence, are conclusive and binding, and that neither the superior court nor this court has any authority to substitute itself as a fact finding body in lieu of the Board." (Punctuation and footnote omitted.) Id. However, "[w]e review de novo erroneous applications of law to undisputed facts, as well as decisions based on erroneous theories of law." (Punctuation and footnote omitted.) *Evergreen Packaging, Inc. v. Prather*, 318 Ga. App. 440, 443 (734 SE2d 209) (2012).

The record shows that, following a hearing to determine Sanchez's entitlement to workers' compensation dependency benefits, the administrative law judge ("ALJ") found the following. On October 22, 2015, the employee suffered a fatal head injury when he accidentally fell from a roof during the course of his employment with appellee Allen Carter. Carter and its insurer agreed that the injury was compensable and paid the employee's medical expenses.

Sanchez lived continuously with the employee from 2002 until his death. Sanchez and the employee were never ceremonially married, although they had discussed getting married and had planned to be married in church in 2015. Sanchez became disabled to work in 2011 due to diabetes that affected her feet, and the

2

employee paid all of Sanchez's living expenses including the rent and utilities for the home in which they lived.

The ALJ concluded that, at the time of his death and for some four years previously, Sanchez was wholly dependent on the employee for her support; the employee had no wife or dependent children; and, other than Sanchez, there were no other persons who were wholly dependent on the employee at the time of his death. After setting forth the provisions of OCGA § 34-9-13, the ALJ held that, insofar as the "applicable black letter law," Sanchez was the person "to whom the statute provides the entire dependency benefits . . . 'shall be paid.'" Nevertheless, the ALJ found that in a factually similar case a claimant had been denied dependency benefits "on the grounds that such payments should not grow out of a meretricious relationship," citing *Williams v. Corbett*, 260 Ga. 668 (398 SE2d 1) (1990) and *Ins. Co. of North America v. Jewel,* 118 Ga. App. 599 (164 SE2d 846) (1968). Accordingly, the ALJ held, it was bound by stare decisis to find that Sanchez was not entitled to dependency benefits despite her actual dependency on the employee.

Sanchez appealed the ALJ's decision to the Board, which accepted the ALJ's findings of fact, adopted the ALJ's conclusions of law, and affirmed. The Superior

3

Court of Colquitt County affirmed the Board's decision. This Court then granted Sanchez's application for discretionary appeal from the order of the superior court.

Sanchez contends that the superior court erred in finding that she was precluded from recovering dependency benefits pursuant to OCGA § 34-9-13 based on *Williams v. Corbett* and the antecedent cases cited therein.[1] In *Williams*, the Supreme Court of Georgia granted certiorari to review the decision of this Court in *Williams v. Corbett*, 195 Ga. App. 85 (392 SE2d 310) (1990), wherein we affirmed the superior court's reversal of an award of dependency benefits to the appellant, who had lived with the employee for eleven years before his accidental death on the job, although the two never married, nor did they establish a common law marriage. The Supreme Court found that, in the context of a workers' compensation claim, a

---

[1] Sanchez also argues that she is a dependent for purposes of OCGA § 34-9-13, which, after setting forth presumptions of dependency for surviving spouses and minor children, provides that "[i]n all other cases, questions of dependency, in whole or in part, shall be determined in accordance with the facts at the time of the accident . . . ." OCGA § 34-9-13 (d). As we agree with the Board that *Williams* is controlling, we need not reach the question of whether Sanchez would otherwise be entitled to benefits. Nor do we consider whether, as Sanchez argues, the Board's denial of dependency benefits infringed on her "Rights of Liberty and Privacy" under the Constitutions of the State of Georgia and the United States. The record does not show that the issue was raised before the Board, nor did the superior court rule on the question. See *Dart Container Corp. v. Jones*, 209 Ga. App. 331, 332 (433 SE2d 417) (1993) ("Issues not raised to the board cannot be considered on appeal.") (citations omitted).

4

meretricious relationship works to deny dependency benefits, even if actual dependency exists.[2] *Williams v. Corbett*, 260 Ga. at 668. Further, the Supreme Court "affirm[ed] the holding of the Court of Appeals that one cannot recover dependency benefits arising from a living arrangement that includes neither ceremonial nor common-law marriage." Id.

Our Supreme Court's holding applies here, as Sanchez was living with the employee at the time of his death but was not married to him, either by ceremony or under the common law. It follows that, notwithstanding actual dependency, she is not entitled to dependency benefits arising from that living arrangement.

Sanchez points out that, following *Williams*, our legislature adopted OCGA § 19-3-1.1, which provides in applicable part: "No common-law marriage shall be

---

[2] More specifically, the Supreme Court found:

This case is controlled by *Ins. Co. of North America v. Jewel*, 118 Ga. App. 599 (164 SE2d 846) (1968), and *Ga. Cas. &c. Co. v. Bloodworth*, 120 Ga. App. 313 (170 SE2d 433) (1969). *Jewel* and *Bloodworth* hold that one who was not married to an employee, but who was living with the employee at the time of his death, is not entitled to dependency benefits, despite actual dependency, on the grounds that such payments should not grow out of a meretricious relationship. As *Jewel* and *Bloodworth* apply to all meretricious relationships, we reject the appellant's contention that the cases apply only to relationships involving adultery.

*Williams v. Corbett*, 260 Ga. at 668.

5

entered into in this state on or after January 1, 1997." She argues that her relationship with the employee would have fallen within the definition of common law marriage before it was abolished and is not "meretricious," and, therefore, *Williams* does not deny her dependency benefits under OCGA § 34-9-13 (d). Even if we were to agree with Sanchez that her relationship with the deceased may have been considered a common law marriage before 1997, Sanchez cannot be deemed married by common law to the employee based on a relationship that commenced in 2002.[3] *Williams* sets forth a clear rule which, as applied to this case, precludes an award of benefits, and we are not free to modify the holding of our Supreme Court. See *Pak v. Ga. Dept. of Behavioral Health & Developmental Disabilities*, 317 Ga. App. 486, 488 (731 SE2d 384) (2012). *Williams* revealed a debate among the justices as to whether the sole requirement for an award of dependency benefits under OCGA § 34-9-13 (d) should be dependency in fact.[4] Our Supreme Court might choose to revisit that issue, but the

---

[3] Our analysis in *Russell v. Sparmer*, 339 Ga. App. 207, 211-213 (1) (793 SE2d 501) (2016) (physical precedent only) leaves open the validity of a unlicensed, self-solemnized, ceremonial marriage, but that issue is not before us. Sanchez acknowledges in her reply brief that "she does not seek to have her relationship with the decedent characterized as a marriage."

[4] In his dissent in *Williams*, Justice Weltner, joined by Justices Hunt and Benham, argued that the sole requirement of OCGA § 34-9-13 (d) is dependency in fact. 260 Ga. at 668 (1) (Weltner, J., dissenting). They wasted little ink in offering this

6

superior court was not free to disregard *Williams*, and it did not err in affirming the Board's decision. See Ga. Const. of 1983, Art. VI, Sec. VI, Para. VI ("The decisions of the Supreme Court shall bind all other courts as precedents.").

*Judgment affirmed. Andrews and Rickman, JJ., concur*.

---

resulting analysis: "(a) Persons who are dependent are entitled to benefits. (b) [Appellant] is a person who is dependent. (c) [Appellant] is entitled to benefits." (Footnotes omitted.) Id. at 669 (3) (Weltner, J, dissenting).